519 So.2d 847 (1988)
Edward McGRAW, et al.
v.
ORLEANS PARISH SCHOOL BOARD, ABC Insurance Company, Rachel Borne and Fred Johnson.
No. CA-7576.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1988.
Writ Denied March 11, 1988.
*848 James A. Gray, II, New Orleans, for appellees.
Heisler & Wysocki, Edmond J. Harris, J. Nelson Mayer, III, New Orleans, for appellants.
Before SCHOTT, BARRY and BYRNES, JJ.
BYRNES, Judge.
This case involves a suit against the Orleans Parish School Board (School Board), two of its teachers, Rachel Borne and Vern Mamon, and the teachers' insurer, Atlantic International Insurance Company (Atlantic). The suit was brought by the parents of a seven year old girl, "CM", who was abducted from school grounds and sexually molested. The trial court dismissed defendants, Borne, Mamon and Atlantic on a motion for directed verdict after presentation of the plaintiff's case. Subsequently, the trial court ruled in favor of the plaintiff and awarded $65,000.00 "for medical expenses incurred and general damages".
On appeal, plaintiff originally asserted that the trial court erred in granting the directed verdict and awarding an inadequate amount of damages. However, that part of the appeal which sought to overturn the directed verdict has been voluntarily dismissed. The School Board also appealed the judgment of the trial court. However, the record reflects that after the appeal order was signed, the trial court granted the School Board's motion to dismiss its appeal. Under C.C.P. Art. 2088, the trial court was without jurisdiction to grant the motion to dismiss after the appeal order had been signed. Thus, the dismissal of the appeal was invalid. Nonetheless, the School Board's brief merely responds to the appellant's brief and asserts no assignments of error. Accordingly, we consider the School Board's appeal to be abandoned. Rule 2, Section 12.4, Uniform Rules Courts of Appeal.
For reasons discussed below, we affirm the trial court's judgment.

FACTS
On January 26, 1983, Borne was escorting her second grade homeroom class at the Marie Couvert School to a physical education class when one of her pupils reported that "CM" had returned to the homeroom classroom to retrieve something. Borne turned the class over to Mamon, the physical education teacher, and proceeded to the homeroom classroom to look for "CM". When Borne arrived she noted that "CM" was not in the classroom and assumed that the little girl had found her way back to the physical education class.
Actually, "CM" had been approached on the school grounds by an unknown trespasser who abducted her, took her to a nearby abandoned house, and sexually assaulted her. The child was later found wandering near the vacant house and taken to Charity where she was examined and released. Subsequently, Dr. Blackman, a *849 psychiatrist, treated her over a two year period for psychological problems which resulted from the traumatic incident. The underlying suit was filed to recover damages allegedly caused by the defendants' negligence in allowing the abduction and attack to occur.

ASSIGNMENTS OF ERROR
The sole issue remaining on appeal relates to the adequacy of the judgment. Appellants urge that the trial court erred in awarding only $65,000.00 because this amount inadequately compensated the child for past and future pain and suffering and did not take into account future medical expenses allegedly proven at trial. We disagree.
In its Reasons for Judgment the trial court granted an award "in the amount of sixty-five thousand dollars for medical expenses incurred and general damages". (emphasis added). There is no dispute over the actual medical expenses incurred by the appellants. Testimony established Dr. Blackman's fees to be approximately $14,000.00. Appellants do, however, take issue over whether the general damages award compensated the child for only past pain and suffering. While the judgment does not specify that this award was for both past and future general damages, a fair reading of the judgment and the record convinces us that this was the trial court's intent and that the amount awarded was adequate.

GENERAL DAMAGES
In the assessment of general damages "much discretion must be left to the [trial] judge or jury". C.C. Art. 1934(3) (now C.C. Art. 1999). On appeal, the reviewing court will not disturb the amount of damages awarded by the trial court unless it was clear abuse of the court's "much" discretion. Reck v. Stevens, 373 So.2d 498, 501 (La.1979); Smith v. Doe, 483 So.2d 647 (La.App. 4th Cir.1986). A review of the record in the present case convinces us that the trial court did not abuse its discretion in awarding appellants approximately $51,000.00 in general damages.
General damages proven at trial were as follows. In terms of physical harm, the child sustained superficial tissue injuries to her vagina and rectum and a swollen lip. She underwent pychiatric treatment for emotional problems associated with the assault for almost two years. She suffered an increase in nightmares and apparently became less interactive with her family and friends. At the suggestion of school officals, the child also changed schools directly after the incident. Her school performance before and after the attack remained virtually unchanged.
The testimony of her psychiatrist, Dr. Blackman, showed that the road to recovery was troublesome for "CM". "The child herself struggled through difficult material to get herself better, it wasn't easy for her". Dr. Blackman felt, however, that after two years of treatment, the behavioral problems which the child had experienced after the assault had been at least temporarily resolved. This opinion was also shared by Dr. Coddington, a child psychiatrist expert for the defense who had three sessions with the child. He also felt the outlook for her future was quite bright and foresaw normal adolescent and adult functioning. The child's mother echoed the present success of the psychotherapy. She testified that since the end of Dr. Blackman's treatment in July, 1985, she had detected no behavioral problems with her daughter and noted that she got along very well with her and her husband.
On the subject of future general damages, the trial testimony was very conflicting. A total of five mental health experts testified to what the future might hold in store for the child's emotional stability. The only consensus reached by this group of professionals was that the child might experience emotional problems of uncertain magnitude in the future. Of the three experts who actually examined "CM" two concluded that emotional problems would likely reocurr during milestones in her sexual development such as puberty, marriage and childbirth. Neither could predict the severity of future problems nor the necessity for professional treatment. The third *850 expert, rebutted this testimony with the statement that "[o]ther than the memory [of the assault] she could be perfectly healthy throughout adolescence and adulthood".
Two other mental health experts testified on behalf of the appellants neither of whom examined the child. A board certified social worker with experience in child sexual abuse, testified that when "... a seven year old is abducted, raped, the chances are well over half, probably about seventy percent of these children will have future problems at one or more of the developmental milestones in their life". An expert in the field of marital and sexual therapy, testified that "... if you take a hundred kids that have been sexually abused there is a high probability of traumatization at various stages of the life cycle".
Given the divergent opinions of the five mental health experts as to the child's future emotional problems, we cannot state that an award of $51,000.00 for general damages, both past and future, is so inadequate as to represent an abuse of the trial court's "much" discretion. Reck v. Stevens, supra.

FUTURE MEDICAL DAMAGES
Although appellants urge that the trial court erred in failing to award future medical expense, our review of the record supports the trial court's findings that this element of damages was too speculative to justify an award. In order to recover future medical expenses, the claimant must show that more probably than not, these expenses will be incurred. Boothe v. New Orleans Public Service, 447 So.2d 620, 622 (La.App. 4th Cir.1984). "Awards will not be made for future medical expenses which may or may not occur in the absence of medical testimony that they are indicated and setting out their probable cost". Poche v. Fraizer, 232 So.2d 851, 860 (La. App. 4th Cir.1970), writ denied 256 La. 266, 236 So.2d 36 (1970).
In the present case, appellants have failed to prove that future psychological or psychiatric treatment for "CM" is anything more than a speculative possibility. None of the witnesses ventured to predict with certainty that the child would require therapy in the future. To the contrary, all of experts either directly or indirectly conceded that she might never need future counseling. Under these circumstances, we find no reason to disturb the trial court's decision denying appellant's claim for future medical expenses.
For the above reasons, judgment of the trial court is affirmed. Cost of this appeal are to be assessed to appellants.
AFFIRMED.