BYRNES, Judge.
Plaintiff-appellant, Leo Mariani, filed a petition in Civil District Court for the Parish of Orleans on November 2, 1989 seeking damages for injuries which he allegedly sustained as a result of his alleged consumption of a Pepsi soft drink. The case was tried before Judge Yada T. Magee who signed a judgment in favor of the defendant-appellee Delta Beverage Company, dismissing Mr. Mariani’s claim with prejudice on December 10, 1991.
Mr. Mariani filed a timely motion for a new trial which was heard and denied on March 6, 1992, by Judge Joseph DiRosa who was sitting ad hoc for Judge Magee. On March 11, 1992, plaintiff filed a petition for a devolutive appeal. Judge DiRosa signed the order granting the devolutive appéal on March 13, 1992.
Approximately two months later, on May 5, 1992, the trial court on its own motion, issued an Order signed by Judge DiRosa vacating the decision of March 6,1992, which had denied the motion a for new trial, and resetting the hearing on the motion for a new trial for May 29, 1992. Judge Magee granted the Motion For a New Trial on May 29, 1992.
On May 29,1992, plaintiff filed a voluntary motion to dismiss his appeal which motion was granted by Judge Magee on the same date.
On June 16, 1992, Delta Beverage Company filed a Notice of Intention to Apply for a Supervisory Writ. Defendant-appellee filed its writ application with this Court on July 20, 1992, asserting that the trial court erred in vacating the original decision denying plaintiffs motion for new trial and in granting a new trial at the hearing on May 29, 1992. On January 7,1993, this court granted the writ application and vacated the trial court’s judgment of May 29,1992 because the trial court no longer had jurisdiction to grant Mariani a new trial after his order for appeal had been signed. See Court of Appeal, Fourth Circuit, No. 92-C-1659.
On March 10, 1993, Mr. Mariani filed a second Petition and Order of Appeal with the trial court which is the basis for the present proceedings before this Court. Defendant-appellee submits that the plaintiff-appellant’s present appeal must be dismissed for failure of plaintiff to timely file this devol-utive appeal. Under Article 2087 of the Louisiana Code of Civil Procedure, the delay for filing a devolutive appeal expired sixty days after Judge DiRosa’s denial of the motion for a new trial on March 6, 1992. The present petition for appeal was not filed until March of 1993, a year after the denial of the motion a for new trial. The plaintiff-appellant’s failure to file his devolutive appeal timely is a jurisdictional defect and, therefore, his appeal must be dismissed. Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191 (La. 1991); Bargas v. Land, 457 So.2d 1278 (La. App. 1 Cir.1984).
Furthermore, the plaintiff-appellant can not reassert his original appeal after he voluntarily dismissed it in June of 1992. Jones v. Gillen, 564 So.2d 1274, 1280 (La. App. 5 Cir.1990), writs denied 568 So.2d 1080 and 568 So.2d 1081 (La.1990); Polk v. State Through D.O.T.D., 517 So.2d 1178, 1182 (La. App. 3 Cir.1987), affirmed as amended on other grounds, 538 So.2d 239 (La.1989).
The actions of the trial court in granting a new trial on May 29, 1992, do not extend the time delays allowed for appealing the original judgment on the merits of the case because those actions were vacated by this court on writs in case No. 92-1659. See also: Jones v. Gillen, 564 So.2d 1274, 1280 (La.App. 5 Cir.1990).
It may seem inequitable to dismiss Mr. Mariani’s appeal in view of his good faith, albeit misplaced, reliance on the erroneous action of the trial court when he dismissed his appeal. However, Mr. Mariani’s decision to dismiss was voluntary. The loss of jurisdiction to grant a new trial or hear an appeal is an absolute defect, and a court without jurisdiction is powerless to do equity.
*1090 In any event, the decision of this Court on writ in case No. 92-1659 vacating the actions of the trial court was mailed on January 7, 1993. Even if this court were to hold that the appeal period commenced on the date that decision was mailed the sixty day appeal period would have expired prior to March 10, 1993 when Mr. Mariani filed this appeal.

GRANTED.

LOBRANO, J., dissents.