799 So.2d 768 (2001)
William GOODWIN, Jr.,
v.
Ronald TILLEY, Jr., et al.
No. 01-1280.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
Randall Scott Iles, Iles Law Firm, Lafayette, LA, Counsel for Plaintiff/Appellee: William Goodwin, Jr.
Shannon Jay Thomas, Thomas E. Gibbs & Associates, Baton Rouge, LA, Counsel for Defendant/Appellant: USAgencies Casualty Insurance Company.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and JIMMIE C. PETERS, Judges.
OSWALD A. DECUIR, Judge.
The Plaintiff-Appellee, William Goodwin, Jr., moves to dismiss the appeal filed on behalf of the Defendant-Appellant, USAgencies Casualty Insurance Company, on the ground that USAgencies voluntarily withdrew its appeal by order signed by the trial court. For the reasons assigned below, we deny the motion.
Goodwin filed the instant suit against Ronald Tilley, Jr., and his insurer, USAgencies, *769 seeking damages arising out of a vehicular collision. Following the trial on the merits of the case, the trial court rendered a written judgment on October 25, 2000, in favor of Goodwin and against Tilley and USAgencies for $26,223.70, together with judicial interest from the date of demand until paid. The Defendants were also cast with costs.
Notice of the signing of this final judgment was mailed by the trial court to all parties of record on October 25, 2000. USAgencies filed its Motion and Order for Appeal on November 27, 2000, praying for a suspensive appeal. The trial court granted this motion by order signed December 1, 2000, and an appeal bond was filed this same date perfecting the suspensive appeal.
On July 11, 2001, USAgencies filed its Motion to Dismiss Appeal in the trial court. The motion simply states: "NOW INTO COURT, through undersigned counsel, comes the Defendant, U.S. Agencies Casualty Insurance Company, who respectfully submit [sic] to this Honorable Court that Defendants wish to dismiss the Motion to Appeal filed on behalf of U.S. Agencies Casualty Insurance Company." The order that the trial court signed on July 16, 2001, which was printed at the bottom of this pleading, reads:
JUDGMENT OF DISMISSAL
CONSIDERING THE FOREGOING MOTION:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant, USAgencies Casualty Insurance Company, Inc. [sic], Motion to Appeal is Dismissed.
On August 3, 2001, USAgencies filed its Motion and Incorporated Memorandum to Reinstate Suspensive Appeal in the trial court. In the motion, USAgencies explains that the motion to dismiss the appeal was predicated on the understanding that Goodwin would settle his claims arising out of this action. The motion then explained USAgencies' position that as a matter of law, the trial court had been divested of jurisdiction to enter the order dismissing USAgencies' appeal once the suspensive appeal bond was timely filed after the signing of the order of appeal.
Instead of granting the subject motion, the trial court handwrote, "Motion Denied. This Court is without jurisdiction to take any further action pertaining to this appeal. Any relief should be sought from the Third Circuit Court of Appeal." Despite this ruling, the clerk of court for the Thirty-Sixth Judicial District Court forwarded the record in this matter to this court, and the suit was lodged in this court on October 2, 2001. On October 4, 2001, Goodwin filed the Motion to Dismiss Appeal which is the subject of this opinion.
Goodwin cites this court to no legal authority to support the trial court's action in granting USAgencies' motion to dismiss its own appeal. USAgencies contended in the trial court that once the order of appeal is signed and, in the event a suspensive appeal is taken, the bond is posted, the trial court is divested of its jurisdiction over the matter except for the limited areas provided in La.Code Civ.P. art.2088. Since the dismissal of an appeal on the appellant's own motion is not listed in Article 2088, USAgencies argued that the trial court was without jurisdiction to grant this motion and that the order attempting to grant this relief is void and without legal effect.
The position being espoused by USAgencies in the instant case was not applied in Mariani v. Delta Beverage Co., 625 So.2d 1088 (La.App. 4 Cir.1993), writ denied, 93-3066 (La.2/4/94); 633 So.2d 582. Following an adverse judgment on the merits of his case, the plaintiff in Mariani *770 applied for a new trial, but the motion was denied. Therefore, the plaintiff sought an appeal, which was granted. After the trial court granted the motion for appeal, however, it vacated its order denying the motion for new trial and ultimately granted the plaintiff a new trial. The plaintiff then filed a voluntary motion to dismiss his appeal, which the court granted. Subsequently, on an application for supervisory relief filed by the defendant, the appellate court reversed the trial court's decision granting the motion for new trial, finding that the trial court had been divested of jurisdiction to vacate its order denying the new trial once the order granting the appeal had been signed.
The plaintiff then filed a new motion for an appeal. The court in Mariani held that this second motion for appeal was untimely, having been filed in excess of the delays for seeking an appeal after the trial court initially denied the plaintiffs motion for new trial. The court then proceeded to state:
Furthermore, the plaintiff-appellant can not reassert his original appeal after he voluntarily dismissed it in June of 1992. Jones v. Gillen, 564 So.2d 1274, 1280 (La.App. 5 Cir.1990), writs denied 568 So.2d 1080 and 568 So.2d 1081 (La. 1990); Polk v. State Through D.O.T.D., 517 So.2d 1178, 1182 (La.App. 3 Cir.1987), affirmed as amended on other grounds, 538 So.2d 239 (La.1989).
Mariani, 625 So.2d at 1089.
This court must respectfully disagree with the outcome in Mariani. In fact, this latter opinion is in conflict with an earlier opinion issued by the same circuit court of appeal. In McGraw v. Orleans Parish School Board., 519 So.2d 847, 848 (La.App. 4 Cir.), writ denied, 520 So.2d 754 (La. 1988), the court stated:
On appeal, plaintiff originally asserted that the trial court erred in granting the directed verdict and awarding an inadequate amount of damages. However, that part of the appeal which sought to overturn the directed verdict has been voluntarily dismissed. The School Board also appealed the judgment of the trial court. However, the record reflects that after the appeal order was signed, the trial court granted the School Board's motion to dismiss its appeal. Under C.C.P. Art.2088, the trial court was without jurisdiction to grant the motion to dismiss after the appeal order had been signed. Thus, the dismissal of the appeal was invalid. Nonetheless, the School Board's brief merely responds to the appellant's brief and asserts no assignments of error. Accordingly, we consider the School Board's appeal to be abandoned. Rule 2, Section 12.4, Uniform Rules Courts of Appeal.
Moreover, we question the authority cited by the fourth circuit in Mariani, 625 So.2d 1088, for the proposition that the trial court has the jurisdiction to dismiss an appeal on the voluntary motion of the appellant once a valid appeal has been granted. In the first case on which that opinion relies, Jones v. Gillen, 564 So.2d 1274 (La.App. 5 Cir.1990), the court merely stated as a matter of fact that the trial court had granted the plaintiffs voluntary motion to dismiss her own appeal without ever questioning the authority of the trial court to grant the motion. Thus, apparently, neither any party to the appeal nor the appellate court raised the issue as to whether the trial court had the power to enter this ruling.
The other opinion on which the fourth circuit relied in Mariani was this court's opinion in Polk v. State through Dep't of Transp. & Dev., 517 So.2d 1178 (La.App. 3 Cir.1987). However, the opinion issued by this court in Polk states only that the *771 State had voluntarily withdrawn its appeal from the trial court's granting of injunctive relief. The opinion does not state whether the trial court or the appellate court granted this order.
Moreover, the fifth circuit has also rendered an opinion reaching a contrary result to that of the fourth circuit's opinion in Mariani. In Parish of Jefferson v. Davis, 97-1200, 97-1201 (La.App. 5 Cir. 6/30/98); 716 So.2d 428, writ denied, 98-2634 (La.12/11/98); 730 So.2d 460, the trial court had signed a judgment dismissing the appeal that was the subject of that opinion. The appellate court pointed out this judgment, but then found that the judgment was invalid because a viable devolutive appeal had been granted prior to the judgment dismissing this appeal. The appellate court held that, once a valid appeal was taken, the trial court was divested of jurisdiction to dismiss the appeal.[1]
Finally, in Halley v. Guerriero, 577 So.2d 781 (La.App. 2 Cir.1991), the trial court entered an order compelling the plaintiff, appearing in proper person, to respond to certain discovery requests which had been propounded by the defendants. The court ordered that the penalty for the plaintiff's failing to respond to the discovery within the time set by the order would be the dismissal of her suit. The plaintiff filed a motion for an appeal from this ruling, and the trial court signed an order granting the appeal. Subsequently, the trial court signed an order dismissing the plaintiff's suit for her failure to respond adequately to the discovery requests within the time constraints of the earlier order.
Prior to considering the viability of the plaintiff's appeal from the judgment dismissing her suit completely, the appellate court had dismissed the plaintiff's appeal from the first judgment for its having been taken from a non-appealable, interlocutory order. In rendering the decision in Halley, the court, after mentioning this earlier dismissal, then reached the following conclusion:
We find a jurisdictional defect which mandates setting aside the judgment of dismissal [by the trial court]. When a trial court grants an order of devolutive appeal, jurisdiction is divested from the trial court and attaches in the appellate court. La.C.C.P. art.2088. The trial court retains authority over certain matters unaffected by the appeal, enumerated in art.2088, but dismissing the case is not one of these. The trial court was without jurisdiction to dismiss Ms. Halley's suit even though her first appeal was later dismissed as interlocutory. Schnatz v. Schnatz, 501 So.2d 318 (La. App. 5th Cir.), writ denied 504 So.2d 877 (1987), and citations therein. The instant judgment of dismissal is null for lack of jurisdiction and will be set aside.
Id. at 783. Thus, even though the initial appeal was ultimately found to have been improper for having been taken from a non-appealable interlocutory ruling, the second circuit found that this appeal divested the trial court of the jurisdiction to enter the subsequent order giving effect to the interlocutory judgment that was the subject of the first appeal.
Applying these precepts to the instant case, we find that the trial court was without authority to dismiss USAgencies' appeal, even on that party's own motion. Once the trial court signed the order granting USAgencies' appeal and USAgencies filed its suspensive appeal bond, the trial court lost jurisdiction except as provided in La.Code Civ.P. art.2088. Since *772 the dismissal of an appeal on a voluntary motion to dismiss is not encompassed within any of the jurisdictional authority retained by the trial court through Article 2088, the judgment dismissing this appeal was void and of no legal effect.[2] Therefore, we find that USAgencies' appeal is viable, and we deny the motion to dismiss this appeal at the Plaintiff-Appellee's cost.
MOTION DENIED.
NOTES
[1] This court would only clarify that the trial court is not divested of the jurisdiction to dismiss an appeal for any reasons set forth in La.Code Civ.P. art.2088.
[2] Moreover, the granting of the motion to dismiss the appeal appears to have been improvidently granted since no showing was made by the Appellant that the Appellee agreed to the dismissal of the appeal at the time that the voluntary motion to dismiss the appeal was filed in the trial court. See La. Code Civ.P. art. 2162.