# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-171

DIONE W. DAVID

VERSUS

RICHARD G. DAVID

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113919
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**REVERSED; JUDGMENT VACATED,
CLERK OF COURT INSTRUCTED TO LODGE RECORD.**

**Ed W. Bankston**
**Attorney at Law**
**P. O. Box 53485**
**Lafayette, LA 70505**
**(337) 237-4223**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     Richard G. David

**L. E. "Tony" Morrow, Jr.**
**Attorney at Law**
**323 E. University Avenue**
**Lafayette, LA 70503**
**(337) 233-9515**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Dione W. David**

**GREMILLION, Judge.**

The defendant/appellant, Richard G. David, appeals the trial court's February 14, 2013 judgment awarding the plaintiff/appellee, Dione W. David, $67,278.90 for contempt, damages, attorney's fees, and court costs. For the following reasons, we reverse and vacate the judgment and remand with instructions.

### FACTUAL AND PROCEDURAL BACKGROUND

Richard and Dione were married in 1973 and divorced in November 2009. The former spouses' substantial property was partitioned in a judgment rendered on December 12, 2011. Richard appealed the partition, and we recently rendered a judgment affirming the partition as amended. *David v. David*, 12-1051 (La.App. 3 Cir. 4/10/13), __ So.3d __.

On November 5, 2012, the trial court issued a judgment against Richard for contempt, money damages of $24,663.50 and $32,750.00, attorney's fees of $1,500.00, and court costs and ordered Richard to pay within fifteen days or face incarceration for ninety days. On November 14, 2012, Richard suspensively appealed the November 5, 2012 judgment. The trial court granted the appeal on November 21, 2012, and set bond in the amount of $54,413.50. Bond was provided on January 9, 2013, thereby perfecting the appeal. Although Richard has several appeals pending before this court, it does not appear that this appeal was ever lodged with this court. On January 7, 2013, Dione filed a Motion and Order for Expedited Hearing on Previously Filed Motions. The hearing was scheduled for February 8, 2013.

The minutes of the February 8, 2013 hearing state:

The Court, after hearing testimony presented stated that he finds the appeal to be devolutive and not suspensive and any order to pay money in accordance with the Judgment is not suspended. The court stated the granting of the suspensive appeal was in error and the Court intends to rescind it.

The Court grants the Judgment in the full amount of $67,278.90 executory on February 14, 2013 by noon or serve ninety (90) days in the parish jail.

On February 25, 2013, Richard appealed the February 14, 2013 judgment. On February 27, 2013, Richard filed for a supervisory writ with this court. We granted this writ, finding that it was erroneous for the trial court to order jail time for failure to pay a money judgment. We vacated the portion of the trial court's ruling issuing a warrant for Richard's arrest and imprisonment. *See David v. David*, an unpublished writ bearing docket number 13-202 (La.App. 3 Cir. 3/13/13). Richard assigns as error the trial court's rehearing of the matter on February 8, 2013, because a suspensive appeal had already been perfected from the November 5, 2012 judgment. We agree.

## DISCUSSION

Louisiana Code of Civil Procedure Article 2088 states in pertinent part:

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal[.]

Louisiana Code of Civil Procedure Article 2127 instructs that the clerk of the trial court is tasked with preparing the appellate record and "shall cause it to be lodged with the appellate court on or before the return day or any extension thereof."

In its February 14, 2013 judgment, the trial court provided in part (footnotes omitted):

> There is an existing Judgment ordering Defendant, Richard David, to pay certain amounts in reimbursements and repayment for rental fees collected by him due to Plaintiff, Dione David. Defendant, Richard David has taken a devolutive appeal in this matter, which does not suspend the payment of these amounts. Dione David has each month, in compliance with the Judgment, sent a money order by certified mail return-receipt to Mr. David fulfilling her obligation in repaying certain balancing amounts as ordered by the Court. Each of these certified letters with money orders have been refused by Mr. David and returned, as refused on receipt.
>
> All of the foregoing testimony and evidence was offered and considered in the Judgment signed by this Court on November 5, 2012.

Once the order of appeal was granted and the bond furnished (in a suspensive appeal), the trial court was divested of jurisdiction and could not rescind the perfected appeal filed on November 14, 2012. *See Goodwin v. Tilley*, 01-1280 (La.App. 3 Cir. 10/31/01), 799 So.2d 768; *Safeco Ins. Co. of America v. Chrysler Corp.*, 01-1641 (LaApp. 3 Cir. 7/31/02), 834 So.2d 1026. The trial court's February 14, 2013 judgment is, therefore, null for lack of jurisdiction and is hereby, vacated.

## CONCLUSION

The trial court's February 14, 2013 judgment is null and is vacated. The clerk of the Sixteenth Judicial District Court is ordered to lodge the record of Richard's appeal of the November 5, 2012 judgment.

**REVERSED; JUDGMENT VACATED, CLERK OF COURT INSTRUCTED TO LODGE RECORD**.