STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DIONE W. DAVID

VERSUS

RICHARD G. DAVID

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113919
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED IN PART AND REVERSED IN PART.

Ed W. Bankston
P. O. Box 53485
Lafayette, LA 70505
(337) 237-4223
COUNSEL FOR DEFENDANT/APPELLANT:
    Richard G. David

L. E. "Tony" Morrow, Jr.
323 E. University Avenue
Lafayette, LA 70503
(337) 233-9515
COUNSEL FOR PLAINTIFF/APPELLEE:
    Dione W.

**PETERS, J.**

The defendant, Richard G. David (Richard), appeals from a trial court judgment ordering him to pay a money judgment to his former wife, Dione W. David (Dione), within fifteen days or serve ninety days in jail. For the following reasons, we affirm the trial court judgment in part and reverse in part.

## DISCUSSION OF THE RECORD

This marital dispute between Richard and Dione is not new to this court, having been before us numerous times on appeal or application for supervisory writs. Richard's current appeal has as its origin the judicial partition of community property following the parties' 2006 divorce. The judicial partition proceeding resulted in a complicated and extensive December 12, 2011 trial court judgment partitioning the community assets and allocating the community debts. After allocating the assets and debts, the trial court judgment awarded Dione and Richard reciprocal sums that each was to pay the other "to equalize the allocation of community property and satisfy any and all reimbursement claims."[1] With regard to the ultimate payment of these sums, the judgment further provided that Dione and Richard would exchange unsecured promissory notes in the amount of the equalizing sum due to each party.[2]

Richard timely appealed this judgment, asserting a number of errors in the trial court's allocation of the assets and debts of the community as well as its calculation of the reimbursement amounts. In considering Richard's appeal of the

---

[1] The appellate record before us is woefully inadequate and the information concerning the specifics of the judgment itself as well as the procedural history of this matter are derived from the appellate record of *David v. David*, 12-1051 (La.App. 3 Cir. 4/10/13), 117 So.3d 148, in which Richard appealed the particulars of the December 12, 2011 partition judgment.

[2] Richard was instructed to execute a promissory note payable to Dione in the amount of $232,530.92, payable over ten years in monthly payments of $2,466.35, bearing interest at the rate of five percent per annum, with the first payment due on January 1, 2012. Dione was instructed to execute a promissory note payable to Richard in the amount of $11,431.92, bearing interest at the rate of two-and-one-half percent per annum, with the first payment due on October 1, 2011.

partition judgment, this court reallocated some of the community assets and debts, and reduced the equalizing payment due to Dione from Richard to $104,368.46. *David v. David*, 12-1051 (La.App. 3 Cir. 4/10/13), 117 So.3d 148, *writ denied*, 13-1541 (La. 10/4/13), 122 So.3d 1023. For the purposes of this opinion, we adopt as our own the factual and procedural history set forth in that opinion:

> Richard and Dione David, domiciliaries of New Iberia, Louisiana were married for thirty-six years. At the time of their divorce, there were five businesses and nine pieces of real estate at issue for partition. Richard and Dione stipulated to appraised values of six of the nine real properties, the values on eight vehicles and other movables. Richard's reimbursement of mortgage, tax, and insurance payments on some community properties, and Dione's reimbursement of attorney fees. The parties also stipulated that four of the businesses, David Mortuary, Inc., David Marble and Granite, Inc., Beau Pre Memorial Park Cemetery, and Limousines, LTD, were the separate property of Richard David.
>
> The community's business, Dede's Wholesale Florist, Inc. (Dede's), was run primarily by Dione throughout the marriage, and she was given occupancy and use of the store location at 1203 Trotter Street in New Iberia. This asset is next door to the David Funeral Home and became the greatest source and subject of discord, restraining orders, and alleged abuses between the parties. Dede's also had a closed-down, non-operating store at 110 Glaser Drive in Lafayette, which was considered rental property.
>
> The community's other New Iberia assets include rental houses at 6605 Old Spanish Trail (sometimes referred to as "OST" or "Highway 182" property), 407 Dahlia Street, 407 Wayne Street, 4208 Northside Road, and 508 Prioux Street. The community's family home was located at 506 Prioux Street. Richard was given the use and occupancy of the family home as his residence. The parties stipulated, by consent judgment, to Richard's waiver of expense reimbursement claims and to Dione's waiver of rental reimbursement claims on this property. The couple also owned a two-story camp at 111 Cove Row, Cypremont Point, Louisiana. Richard was also given use and occupancy of the camp.
>
> On the above-described community property, Richard asserted 331 claims for reimbursement of expenses totaling $305,572.00. Before trial, the court engaged the services of a hearing officer, Paul Landry, to meet with the couple and their attorneys to address occupancy issues and the reimbursement claims of the parties. The hearing officer conferences (HOC) on reimbursement claims were held over four days, immediately preceding trial, during which

Richard's 331 claims and documentation were individually discussed, then grouped and categorized on spreadsheets, providing easier access during trial, and providing the HOC evaluations and recommendations on each claim.

After a lengthy trial, the trial court issued a four-page judgment of partition of community property. Richard appeals the trial court's allocation of community assets and liabilities, the appraisals of the camp, its contents, and contents at other locations, the amount of certain "mortgage" debt, and the trial court's awards of reimbursements to both parties.

*Id.* at 150-51.

In its opinion addressing the partition judgment, this court amended the trial court judgment to reallocate the rental property at 508 Prioux Street from Dione's ownership to Richard's; adjusted the value of the camp on Cove Row; adjusted the allocation of the individual IRAs; deleted a $50,000.00 debt assigned to the Old Spanish Trail property; and adjusted the reimbursement amounts set by the trial court. The end result was to reduce Richard's equalizing payment to Dione from $232,530.52 to $104,368.46. *Id.*

The matter is again before us because the litigation between Richard and Dione did not cease during the appeal of the community-property-partition judgment. On June 29, 2012, Dione filed a rule for contempt of court, for a money judgment, and for reimbursement for amounts categorized as rents.[3] The trial court heard the rule on October 23, 2012,[4] wherein two witnesses, Morris Peltier, Jr. and Dione, testified.

---

[3] The record before us does not contain the motion filed by Dione, and the basis for the motion is derived from the language of the judgment arising from the hearing on the motion and the trial court minutes.

[4] Neither Richard nor his counsel appeared at the October 23, 2012 hearing. His counsel had submitted a motion for continuance on October 19, 2012, which the trial court received on October 22, 2012. The trial court denied the motion at the beginning of the October 23, 2012 hearing.

Mr. Peltier testified that he had been renting the 508 Prioux Street property for approximately eleven years and, until two months before the trial on the motion, had always paid his rent monthly to Richard. When he became aware that Dione had been awarded ownership of the property, he began making his payments to her. However, Mr. Peltier was never asked the amount of his monthly payments by Dione's counsel.

Dione testified that she had been submitting her monthly reimbursement obligation to Richard, but that he refused to accept the certified letters containing the payment.[5] When asked if Richard had ever paid her the monthly payment required of him under the partition judgment, she testified that he had not. Noting that the judgment provided that the first payment was due January 1, 2012, Dione's counsel calculated that he owed her $24,663.50 at the time of the hearing. The promissory note was not produced, and nothing was said of the interest provided for by the terms of the partition judgment. At this point, Dione's counsel requested that the trial court award judgment on that amount and find Richard in contempt of court. The trial court awarded the money judgment, found Richard in contempt of court, and sentenced him to serve ninety days in the parish jail.

With regard to the rental reimbursement issue, Dione testified that Mr. Peltier paid $900.00 per month for the 508 Prioux Street property, and Richard had received eight months of payments that he should not have received. Thus, she sought a $7,200.00 money judgment against Richard. Dione also sought and obtained money judgments for the camp at 111 Cove Row, Cypremont Point, Louisiana, for $12,600.00 (seven months at $1,800.00 per month); 407 Wayne Street, New Iberia, Louisiana, for $5,250.00 (seven months at $750.00 per month);

_____

[5] Dione's counsel handed her documents which Dione suggested were the certified letters she had sent, but the documents were never entered into evidence.

4

and 407 Dahlia Street, New Iberia, Louisiana, for $7,700.00 (seven months at $1,100.00 per month). The individual amounts claimed were not established by any evidence other than Dione's self-serving testimony and appear to be the *monthly rental values* of the properties rather than the actual rent received by Richard.[6] In fact, Dione testified that with regard to the 407 Wayne Street property, there was no tenant on the property.[7] Thus, with the exception of the 506 Prioux Street property, the trial court was presented with no evidence of actual amounts being paid to Richard as rental for the properties. Finally, in addition to the $32,750.00 total reimbursement amount, the trial court awarded Dione an attorney fee judgment of $1,500.00.

The trial court executed a judgment based on its findings at the October 23, 2012 hearing on November 5, 2012. The judgment reads in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Richard David's Motion to Continue is denied.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Richard David is found to be in contempt of Court for refusing to pay money amounts ordered.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Richard David should pay Dione David $24,663.50.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Richard David shall pay to Dione David $32,750.00 for rental fees and money taken from Dione David and/or owed.

---

[6] In a footnote to the April 10, 2013 opinion of this court, *David*, 117 So.3d at 161 n.8, Chief Judge Thibodeaux recorded the following:

> The monthly rental values established by appraiser, Robert Beyt, and used by the court for the four rent houses were; $1,000.00 for 508 Prioux Street; $750.00 for 407 Wayne Street; $1,200.00 for 407 Dahlia Street; and $1,7500.00 for 6605 Old Spanish Trail. The rental value of the old Dede's store location at 110 Glaser Drive was set at $750.00 per month. The rental value of the camp at 110 Cove Row was set at $1,800.00 per month.

[7] When Dione made this statement at the trial on the rule, it was not in response to a question from her counsel. He immediately interrupted her and stated, "I'm going to get to that." However, this comment was never mentioned again.

5

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Richard David is to pay attorneys fees in the amount of $1,500.00 to The Law Offices of Tony Morrow on behalf of Dione David and all court costs associated with this hearing.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all amounts are to be paid within fifteen (15) days of this hearing, or if Richard David fails to do so, he is to be incarcerated for ninety (90) days.[8]

On November 21, 2012, the trial court granted Richard a suspensive appeal of its November 5, 2012 judgment, and the matter is now before us on his one assignment of error: "THE TRIAL COURT ERRED BY ORDERING DAMAGES AND JAIL TIME FOR FAILURE TO PAY A MONEY JUDGMENT."

## OPINION

While this suspensive appeal was pending, Dione attempted to expand on her November 5, 2012 judgment by pursuing Richard for his failure to pay the monthly payments on the note and other rents he may have collected on property allocated to her after October 23, 2012. After a hearing, the trial court rendered judgment reversing its grant to Richard of a suspensive appeal of the November 5, 2012 judgment, increasing the amount rendered in that money judgment to $67,278.90, and ordering that Richard pay the full amount by February 15, 2013, or serve ninety days in the parish jail. The trial court reduced this judgment to writing on February 14, 2013, and Richard perfected an appeal of the judgment on February 14, 2013, and filed for a supervisory writ on February 27, 2013.[9] While

---

[8] This portion of the judgment relative to the incarceration sentence does not correspond to the transcript of the hearing or the minutes of court taken that day. In both of those documents, there is no reference to Richard being able to spare himself the ninety days of incarceration by paying the judgment in full. No explanation exists in the record for the change between the transcript/minutes and the executed judgment.

[9] Because this hearing occurred after the appeal before us was perfected, none of the trial court documents are before us, and the facts recited herein are taken from the opinion of this court in *David v. David*, 13-171 (La.App. 3 Cir. 6/19/13), 115 So.3d 1277.

the particulars of this money judgment are not now before us because it arose after the grant of this appeal, the opinion of this court in *David v. David*, 13-171 (La.App. 3 Cir. 6/19/13), 115 So.3d 1277, and the supervisory writ decision of this court in *David v. David*, 13-202 (La.App. 3 Cir. 3/13/13) (unpublished writ), are both instructive and helpful.

In the opinion rendered in *David*, 115 So.3d 1277, this court reversed the trial court's conversion of our appeal to a devolutive one and reinstated it as a suspensive opinion. Additionally, because the trial court judgment was based on nothing more than an extension of the November 5, 2012 judgment now before us and because the trial court no longer had jurisdiction to act on the matters arising from that judgment, this court declared the February 14, 2013 judgment to be null and void. *Id.*

> In the supervisory writ decision, this court held:
>
> The trial court erred in finding the relator in contempt of court and imposing a ninety-day sentence of imprisonment in the parish jail for his failure to pay a money judgment to the plaintiff. The proper avenue for the execution of a money judgment is set forth in Book IV, Title II of the Louisiana Code of Civil Procedure. Additionally, the penalty of imprisonment imposed upon the relator for contempt of court arising from his failure to pay a money judgment to the plaintiff is not provided for by law. Accordingly, the relator's writ is granted, and the trial court's ruling issuing a warrant for the relator's arrest and imprisonment is hereby vacated and set aside, effectively recalling, revoking, and cancelling the warrant.

*David*, 13-202, p. 1.

Richard divided his assignment of error into two parts: the improper award of damages, and the imposition of parish jail time for failure to pay a money judgment. The second issue is easy to resolve. We adopt the reasons stated in the writ decision and find that the trial court erred in holding Richard in contempt of court and in ordering a ninety-day prison term should he fail to satisfy the

7

judgment within the fifteen days allowed. *Id.* Therefore, that portion of the November 5, 2012 judgment must be reversed.

With regard to the damage issue, it is unclear from Richard's brief to this court how he relates that term to the judgment rendered. After setting forth his assignment of error, Richard defines the issue for review as "WHETHER THE TRIAL COURT'S JUDGMENT OF NOVEMBER 5, 2012 IS RENDERED MOOT BY APPELLATE DECISION OF JUNE 19, 2013?" Richard follows this issue identification with an argument two paragraphs long which says very little other than to suggest that the trial court's November 5, 2012 judgment "was based upon the trial court's erroneous equalization amount of $232,530.54" and that after resolving the incarceration sentence for failure to pay a money judgment, this court in *David*, 115 So.3d 1277, rendered the November 5, 2012 judgment "moot for reasons enunciated by this court upon review and in vacating the judgment of February 8, 2013."

Dione's brief to this court is of equally little help. Without citing any law or jurisprudence in her favor, Dione provides us with six paragraphs of argument. Three of the six refer this court to exhibits attached to her brief which are not in the appeal record of these proceeding.[10] Two of the remaining paragraphs list part, but not all, of the appeal and supervisory writ applications in this matter which have already been before this court. Pointedly missing in the list is *David*, 115 So.3d 1277, and *David*, 13-202.[11] Basically, Dione's complete argument on appeal is summed up in her last argument paragraph, which asks this court to "put an end to

_____

[10] Chief Judge Thibodeaux went to great lengths in *David*, 117 So.3d 148, to point out to the litigants in this extensive litigation that this court cannot receive new evidence on appeal.

[11] Both of those decisions were rendered by this court before Dione filed her appellate brief in this matter.

8

the relentless barrage of frivolous attacks" by her former husband and to award her damages and attorney fees for Richard's frivolous appeal in this matter.

In addressing the "damage" issue that remains in the matter before us, we first note that we do not read this court's opinion in *David*, 115 So.3d 1277, regarding the monetary award in the November 5, 2012 judgment to have the effect suggested by Richard. While that opinion vacated the February 8, 2013 judgment, it did so on a jurisdictional basis and not on the merits. Additionally, the ruling on the supervisory writ application in *David*, 13-202, merely gave this panel the basis on which to reverse the contempt of court and incarceration aspects of the November 5, 2012 judgment. Still, we find that Richard is entitled to some further relief.

With regard to the 508 Prioux Street rental property, Dione did establish through her testimony and the testimony of Mr. Peltier that this property was rented for $900.00 per month, and that Richard had been paid that monthly rental for the first eight months of 2012. However, while the December 12, 2011 judgment allocated that property to her, this court reversed that allocation in *David*, 117 So.3d 148, and awarded it to Richard. Thus, the $7,200.00 money judgment in favor of Dione with regard to this property must be reversed.

With regard to the camp at Cypremont Point, the December 12, 2011 partition judgment allocated that property to Dione, and this allocation was upheld by this court in *David*, 117 So.3d 148. Dione based her claim for reimbursement associated with the camp, not on the actual rent being paid, but on the monthly rental value placed on the property for partition purposes. On appeal, Richard had sought reversal of the allocation of this asset to Dione based on his argument that the camp had been in his family before he and Dione married. However, this court

9

rejected that argument based on Dione's testimony that at the time of trial, "she still did not have a house; that she would like to have the camp as it was a livable home and a viable option for her because it was already set up as a house; and it was close to her mother." *Id.* at 155. Dione presented no evidence at the October 23, 2012 hearing to establish that anyone else was occupying the property as a tenant. At trial, the extent of the testimony on this issue is as follows:

> COUNSEL FOR DIONE: The camp and - - Cypremont Point and the Court accepted an amount of eighteen hundred dollars, we request seven months of that rental?
>
> DIONE: Correct.
>
> COUNSEL FOR DIONE: And that would - - Eighteen hundred dollars is twelve thousand, six hundred dollars.

We do not find that Dione carried her burden of proof to establish that anyone else was renting the property or that Richard was receiving the rental income.

We also find that Dione failed to carry her burden of proof to establish that anyone was renting the 407 Wayne Street property or the 407 Dahlia Street property. As was the case with the camp, Dione relied solely on the partition proceedings to set a rental value for each of these properties, and never testified that Richard was receiving any rent from either property.[12]

Considering the record before us, we reverse the entire trial court award of rental income. We also reverse the trial court award of attorney fees to Dione. "[A]ttorney fee awards are available only when authorized by statute or contract." *Taylor v. State of Louisiana, DOTD*, 03-0219, p. 13 (La.App. 3 Cir. 6/23/04), 879 So.2d 307, 317, *writ denied*, 04-1887 (La. 10/29/04), 885 So.2d 595. Dione has provided us with no authority to suggest that she is entitled to the attorney fee award.

---

[12] It was the Wayne Street property that Dione referred to when she noted at trial that there was no renter on the property.

Finally, Richard argues that the $24,663.50 award pursuant to the promissory note made a part of the partition judgment, should be set aside because it was based on an equalizing payment of $232,530.54 and not on the final equalizing payment of $104,368.46 as established in *David*, 117 So.3d 148. We disagree. The opinion in *David*, 117 So.3d 148, addresses the reallocation of assets and liabilities and reaches the conclusion that the trial court had erred in its assessment. However, despite the reduction in the equalizing payment, this court found that Richard still owed Dione $104,368.46 together with the interest provided under the note. Richard did not appeal the amount of the monthly payment required to extinguish his debt, and this court did not address that issue. He does not dispute the fact that he had paid nothing on the promissory note at the time of the October 23, 2012 hearing; his appeal of the partition judgment was devolutive and not suspensive; and, at the end of the day, Richard still owed Dione more than the judgment rendered against him for the past-due payment. We find no merit in Richard's argument that this portion of the judgment should be reversed.

Finally, Dione requests an award of attorney fees and sanctions for Richard's frivolous appeal. Although La.Code Civ.P. art. 2164 provides for the award of damages, including attorney fees, based on a finding of frivolous appeal, such an award is inappropriate in the absence of an appeal or answer to appeal by the appellee. La.Code Civ.P. art. 2133. *Innocence Project New Orleans v. New Orleans Police Dep't*, 13-921 (La.App. 4 Cir. 11/6/13), 129 So.3d 668. Thus, since Dione has neither appealed nor answered Richard's appeal, we need not reach these claims.

**DISPOSITION**

For the foregoing reasons, we affirm that portion of the trial court judgment awarding Dione W. David $24,663.50 against Richard G. David based on the failure of Richard G. David to pay the installments due under the promissory note executed in conjunction with the partition judgment of December 12, 2011. We reverse the remainder of the trial court judgment, including, specifically, that portion of the trial court judgment awarding Dione W. David $32,750.00 in rental reimbursement from Richard G. David; that portion finding Richard G. David in contempt of court and ordering him to pay the money judgment in full within fifteen days or be incarcerated for ninety days; and that portion awarding Dione W. David an attorney fee judgment against Richard G. David in the amount of $1,500.00. We assess costs of this appeal equally between Richard G. David and Dione W. David.

**AFFIRMED IN PART AND REVERSED IN PART.**