DYSART, J.,
concurs in part and dissents in-part.
|,While I agree that the loss of consortium awards and the general damages award are appropriate, the record does not substantiate the past lost wages or future loss of earning capacity. It is the plaintiffs burden “of proving the time missed *838 from work as a result of the injury.” Rathey v. Priority EMS, Inc., 04-0199, p. 51 (La.App. 4 Cir. 1/12/05), 894 So.2d 438, 471. “Past lost wages are susceptible of mathematical calculation, and the award is not subject to the much discretion standard.” Id. (Citation omitted.). Likewise, while “[fjuture lost wages awards are ‘inherently speculative and intrinsically insusceptible of being calculated with mathematical certainty,’ Id. (Citation omitted), they “must be proved with a reasonable degree of certainty; purely conjectural or uncertain future loss earnings will not be allowed” Burgard v. Allstate Ins. Co., 04-1394, p. 21 (La.App. 5 Cir. 5/31/05), 904 So.2d 867, 879 (Citations omitted). In this case, plaintiffs claims for past lost wages were not demonstrated by mathematical calculations” supported by competent evidence and his claim for future lost wages is likewise unsupported by the record.
Similarly, the record does not substantiate the sizable award for future medical and rehabilitation expenses. Our jurisprudence is well-settled that |g“[a]wards will not be made for future medical expenses which may or may not occur in' the absence of medical testimony that they are indicated and setting out their probable cost” McGraw v. Orleans Parish Sch. Bd., 519 So.2d 847, 850 (La.App. 4 Cir. 1/14/88) (Citation omitted; emphasis added.) It is the plaintiffs burden to “show that more probably than not, these [future medical] expenses will be incurred.” Id. The record does not reflect that plaintiff carried this burden of proof.