STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**16-236**


DIONE W. DAVID

VERSUS

RICHARD G. DAVID


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113919
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of James T. Genovese, Phyllis M. Keaty, and D. Kent Savoie,
Judges.


**AFFIRMED AND RENDERED**.

**Ed W. Bankston**
**P. O. Box 53485**
**Lafayette, LA 70505**
**(337) 237-4223**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Richard G. David**

**L.E. "Tony" Morrow, Jr.**
**The Law Offices of Tony Morrow**
**323 East University Avenue**
**Lafayette, LA 70503**
**(337) 233-9515**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Dione W. David**

**SAVOIE, Judge.**

Richard David (Richard) appeals a judgment denying his motion asking that a $104,368.36 equalization payment he was previously ordered to pay to his ex-wife, Dione David (Dione), in connection with a community property partition, be deemed satisfied. For the following reasons, we affirm the judgment and further award damages for frivolous appeal in the amount of $3,000.00 and $3,000.00 in attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married on March 3, 1973, and divorced on November 6, 2009. Their divorce and community property proceedings have a long history before the trial court, this court, and the Louisiana Supreme Court. The history relevant to this appeal is discussed below.

Following a trial on the partition of the parties' community property in June 2011, the trial court rendered judgment on December 12, 2011. Richard appealed that judgment. This court rendered an opinion on April 10, 2014, wherein it reallocated some of the community debts and assets awarded by the trial court, and reduced the amount of the equalization payment Richard owes to Dione to $104,368.46. *David v. David*, 12-1051 (La.App. 3 Cir. 4/10/13), 117 So.3d 148. Richard's request to this court seeking a rehearing was denied on May 29, 2013. The Louisiana Supreme Court denied Richard's writ application on October 4, 2013, and it further denied Richard's application for reconsideration on November 15, 2013. *David v. David*, 13-1541 (La. 10/4/13), 122 So.3d 1023, and *David v. David*, 13-1541 (La. 11/15/13), 125 So.3d 1098.

In December 2013, Richard filed a petition with the trial court seeking to nullify the community property partition judgment, arguing:

that he had been required to pay for one of the properties twice; that he paid one-half of his IRA account to Dione, but that he had not received one-half of her IRA account; that the trial court failed to take into consideration some 600 pages of evidence which had been filed, post-trial, with the clerk of court; and that the trial court awarded Richard some credits that were not reflected in the partition judgment.

*David v. David*, 14-999, p. 2 (La.App. 3 Cir. 2/4/15) 157 So.3d 1164, 1166, *writ denied*, 15-494 (La. 5/15/15), 170 So.3d 968. The trial court dismissed the nullity action with prejudice, and this court affirmed the trial court's ruling. *Id.*

On February 18, 2014, Richard filed a "Motion for Judgment in Satisfaction of the Third Circuit Court of Appeal Equalization Amount of $104,368.36" in the trial court. The basis of the motion was that: (1) Dione received proceeds from the sale of real property valued at $70,750.00 and allocated to her in the community property partition; (2) Richard paid one-half of the value of his IRA to Dione ($49,850.81), which was allocated to Dione in the community property partition; and, (3) Dione had not paid one-half of her IRA ($16,889.81) that was allocated to Richard in the community property judgment. Therefore, according to Richard's motion, he "ought to receive a credit of $70,282.84, plus $49,850.81 as previously paid, plus $16,889.81 from [Dione's] IRA, for a total of $137,490.76[,]" resulting in Dione owing Richard $33,122.30.

A hearing on Richard's motion was held on August 28, 2015. The trial court denied Richard's motion, noting that it had no authority to reverse or alter the final community property judgment. Judgment was rendered October 15, 2015. Richard now appeals that judgment. Dione answered the appeal and seeks sanctions and damages in accordance with La.Code Civ.P. arts. 2164 and/or 863 on the basis that Richard's appeal was frivolous. We also consider Richard's "Motion

2

to Supplement Extant Record Not Previously Considered Due to Ill Practices" filed with this court on June 29, 2016.

## Motion to Supplement

Richard filed a motion with this court asserting that the Iberia Parish Clerk of Court failed to include "some six-hundred (600) pages of records" with the record pertaining to Richard's prior appeal of the trial court's community property judgment, that those records pertain to Richard's reimbursement claims that were not considered, and, therefore, that "the record ought to be supplemented and considered" by this court. Richard further suggests in his motion to this court that the prior community property judgment is null.

The issue of the purportedly omitted records is not new to this court. In connection with Richard's appeal of the community property judgment, we held that omitted exhibits were not part of the record on appeal, and stated as follows:

> [P]ursuant to La.Code. Civ.P. art. 2128, Richard has designated "such portions of the record which he desires to constitute the record on appeal." . . . . Richard has attached numerous exhibits to his appellate brief, but the attached exhibits are not part of the record on appeal. *C&B Sales & Serv., Inc. v. Slaughter*, 04-551 (La.App. 3 Cir. 10/20/04), 885 So.2d 683.
>
> . . . .
>
> Here, the designated record contains documents that were filed into the record after the last day of trial on August 10, 2011. The record is not to remain open after trial except for very limited filings specifically identified and allowed by the trial court. *See Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. The trial court exhibited great patience in receiving and re-hashing evidence, particularly on Richard's reimbursement claims, even after engaging a hearing officer. The court did not leave the record open after August 10, 2011. We limit our review to documents filed into evidence before the end of trial.

*David*, 117 So.3d at 152.

Richard sought reconsideration of that opinion from this court, which was denied, writs from the Louisiana Supreme Court, which were denied, and a reconsideration of the supreme court's writ denial, which was also denied. Therefore, the community property partition judgment is a final judgment.

Louisiana Code of Civil Procedure Articles 1951-2006 govern a party's ability to seek modification of a final judgment; however, the substance of a final judgment may not be altered. La.Code. Civ.P. art. 1951. While a party may file an action with the trial court seeking to nullify a final judgment for either a vice of substance or form as provided in La.Code. Civ.P. arts. 2002-2006, Richard previously exhausted that procedure available to him by filing a nullity action. His action was dismissed with prejudice by the trial court, and that dismissal was affirmed on appeal. *David*, 157 So.3d 1164. Therefore, the judgment dismissing Richard's nullity action is now final, and he is precluded from seeking a nullity action on the same grounds asserted therein, including the issue regarding the purportedly omitted records. *See* La.R.S. 13:4231.

Richard's "motion" to this court essentially asks us to nullify, or reconsider, our prior community property judgment due to the purportedly omitted exhibits. We are unaware of any procedure available under Louisiana law that allows an appellate court to circumvent prior final rulings by "supplementing" a record on appeal with exhibits, when it has already been conclusively adjudicated that the record's omission of those exhibits does not render the community property judgment null. We are further unaware of any procedure under Louisiana law that allows a party to file a nullity action in an appellate court. Richard has exhausted all procedural means legally available to him to raise the issue of the purported omitted records. His motion to this court lacks merit, and it is therefore denied.

4

**Motion for Satisfaction of Judgment**

On appeal, Richard asserts that the trial court's denial of his "Motion for Judgment in Satisfaction of the Third Circuit Court of Appeal Equalization Amount of $104,368.36" was in error because the following should have been credited against the amount he owes: (1) $70,750.00 that Dione received in connection with the sale of real property allocated to her in connection with the community property partition; (2) $49,850.81, which is half of the value of Richard's IRA, that was allocated to Dione in the community property partition and paid to her; (3) $16,889.95, which is half of the value of Dione's IRA that was allocated to Richard in the community property partition, but not paid to Richard; and (4) $32,750.00, which is the amount of a former judgment rendered against him, and in favor of Dione, by the trial court, but reversed on appeal in *David v. David*, 14-126 (La.App. 3 Cir. 6/4/14), 144 So.3d 1110. According to Richard, when these amounts are credited against the equalization payment he was ordered to pay, Dione actually owes him $65,872.30.

The $104,368.46 equalization payment Richard was ordered to pay to Dione includes the amount that is necessary to equalize the net assets allocated to the parties ($44,399.67), and the difference in reimbursement claims awarded to the parties ($59,968.79). *David*, 117 So.3d 148. In other words, the allocation of assets and debts among the parties, which *includes* the $70,750.00 property and a $49,850.81 share in Richard's IRA that were *allocated to Dione*, resulted in Richard receiving assets worth $88,799.34 more than what was allocated to Dione. Therefore, in accordance with elementary Louisiana community property principles, Richard was ordered to pay one-half of that amount (or $44,399.67) back to Dione to equalize the net value of assets each spouse received. *See* La.R.S.

5

9:2801. Neither the fact that Dione sold the property *allocated to her*, nor the fact that she received the portion of Richard's IRA *allocated to her*, has any effect on the total value of assets allocated among the parties. There is simply no merit to Richard's contention that Dione was "paid twice" for these assets, or that the equalization payment he owes should be reduced by the value of those assets.

Richard also asserts that the equalization payment owed should be reduced for the portion of Dione's IRA allocated to him but that he has not received. This court has already addressed this issue in connection with our 2013 community property ruling wherein we stated "[i]f Richard's transfer of $49,850.81 [of his IRA] was completed as he asserts, then Dione should make a reciprocal transfer of $16,889.95, *or, the final equalizing payment to her can be reduced by $16,889.95*." *David*, 117 So.3d at 157, n.4 (emphasis added). Any credit Richard is to be given related to Dione's IRA does not render the entire community property judgment against him satisfied.

In his final argument to this court, Richard suggests that this court's reversal of a separate $32,750.00 judgment against Richard in *David*, 144 So.2d 110, should result in a reduction in the equalization payment he owes to Dione. The $32,750.00 judgment against Richard resulted from proceedings that continued in the trial court while the appeal of the 2012 community property judgment was pending wherein Dione sought rental payments that Richard purportedly received on property that had been allocated to her in the partition. In reversing the amount of rental payments awarded, this court noted that the properties at issue were either re-allocated to Richard pursuant to our ruling in *David,* 117 So.3d 148, or that Dione had failed to establish that Richard received any such rental payments. There is no indication that Richard ever paid the $32,750.00 to Dione. We are

6

unaware of any concept in Louisiana law that would reduce the amount of the equalization payment Richard owes to Dione by the amount of the judgment in favor of Dione that was reversed.

The issues raised by Richard's motion have been litigated and re-litigated to exhaustion. They were addressed in the judgment partitioning community property, which is a final judgment, and were also raised in Richard's nullity action, which was dismissed with prejudice. There is further no indication that Dione has instituted proceedings to execute on the community property judgment rendered against Richard. Therefore, it appears that the purpose of Richard's "motion" is nothing more than an attempt to alter the substance of the judgment rendered against him on the basis that the judgment is erroneous or null. There is no foundation in Louisiana law that supports this procedure or the relief sought; therefore, the trial court's ruling is affirmed.

## Sanctions

In her answer to the appeal, Dione seeks sanctions on the basis that Richard's appeal was frivolous. Louisiana Code of Civil Procedure Article 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

An award for frivolous appeal is penal in nature and must be strictly construed. *State Farm Mut. Auto. Ins. v. Callahan*, 571 So.2d 852 (La.App. 3 Cir. 1990), *writ denied*, 576 So.2d 51 (La.1991). Damages for a frivolous appeal may be awarded "when there is no serious legal question, when the appeal is taken

solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates." *Id.* at 854. Richard's attempt to alter the substance of a final judgment through a motion alleging that the judgment has been "satisfied" because the judgment was erroneous or null, amounts to nothing more than a delay tactic, as there is no serious legal question that this argument has any basis under Louisiana law. It is a mere continuation of Richard's apparent efforts to avoid the finality of the equalization payment he has been ordered to pay. Therefore, due to Richard's frivolous appeal, we award damages to Dione in the amount of $3,000.00, plus $3,000.00 in attorney fees for work performed on appeal.

## CONCLUSION

The judgment of the trial court denying Richard David's "Motion for Judgment in Satisfaction of the Third Circuit Court of Appeal Equalization Amount of $104,368.36" is affirmed. We further award damages to Appellee Dione David, and against Appellant Richard David, in the amount of $3,000.00, plus $3,000.00 in attorney fees. All costs of this appeal are assessed against Appellant, Richard David.

**AFFIRMED AND RENDERED.**