STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1073

SAMUEL BARKER

VERSUS

CHIEF DISCIPLINARY COUNSEL CHARLES B. PLATTSMIER, THE
LOUISIANA ATTORNEY DISCIPLINARY BOARD (A STATE AGENCY),
KAREN H. GREEN-DEPUTY DISCIPLINARY COUNSEL, MICHAEL P.
WILSON-SCREENING COUNSEL, PANEL-A COUNSELS ANDERSON O.
DOTSON III, LINDA G. BIZZARO, CHARLES H. WILLIAMSON, JR., AND
AUTUMN HARREL H2LAW, LLC

Judgment Rendered: **MAY 1 1 2020**

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C675406

The Honorable R. Michael Caldwell, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Samuel Barker<br>Angola, LA | Appellant/Plaintiff<br>In Proper Person |
| Jeff Landry<br>Attorney General<br>David G. Sanders<br>James "Gary" Evans<br>André Charles Castaing<br>Baton Rouge, LA | Counsel for Appellee/Defendant<br>Louisiana Attorney Disciplinary Board |
| Glenn B. Adams<br>Corey D. Moll<br>New Orleans, LA | Counsel for Appellee/Defendant<br>Autumn Harrell |

\*\*\*\*\*\*\*\*

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

The appellant, Samuel Barker, an inmate incarcerated with the Louisiana Department of Public Safety and Corrections (LDPSC) at the Louisiana State Penitentiary in Angola, Louisiana, filed a state civil rights violation petition for damages on October 25, 2018, stemming from alleged civil rights violations committed against him by his court-appointed trial counsel, Autumn Harrell. Specifically, Mr. Barker alleged that: Ms. Harrell acted unethically in violation of the Louisiana Rules of Professional Conduct for failing to visit him to discuss his case prior to the beginning of his criminal trial; for representing him despite having a conflict of interest; and for allegedly suggesting to the jury during closing arguments that Mr. Barker was guilty on at least one count, despite his desire to maintain his innocence on all counts.[1]

Mr. Barker initially filed a complaint against Ms. Harrell with the Louisiana Attorney Disciplinary Board (LADB), which the LADB dismissed for its failure to meet the burden of clear and convincing evidence that Ms. Harrell had engaged in unethical conduct in violation of the Louisiana Rules of Professional Conduct. Mr. Barker's subsequent appeal of the LADB's decision was also dismissed. Mr. Barker then appealed that ruling to the Louisiana Supreme Court, and that appeal was denied. With his remedies exhausted, Mr. Barker filed the present petition for damages with the Nineteenth Judicial District Court, naming Ms. Harrell and the LADB as defendants and seeking monetary damages from Ms. Harrell and a reversal of the LADB's dismissal of his complaint.

In response to the petition, the LADB filed exceptions raising the objections of improper service and no cause of action. Ms. Harrell also filed exceptions

---

[1] Mr. Barker was charged in Orleans Parish on nine counts, seven of which were felonies. After a trial by jury, he was found guilty as charged on six of the seven felony counts, and found guilty of a responsive misdemeanor on the seventh count. After a bench trial on the remaining two misdemeanor counts, Mr. Barker was found guilty on one count and not guilty on the other.

raising various objections, two of which were lack of subject matter jurisdiction and improper venue. Following a hearing on February 11, 2019, the district court ruled that the LADB's exception raising the objection of improper service was withdrawn, and the exception raising the objection of no cause of action was granted. With respect to Ms. Harrell, the court ruled that her exceptions raising the objections of lack of subject matter jurisdiction and improper venue were granted. In a judgment signed on March 6, 2019, the district court dismissed Mr. Barker's petition against the LADB and Ms. Harrell with prejudice.

Mr. Barker applied for supervisory writs with this court on March 7, 2019 in response to the district court's judgment. We denied the application, finding that the district court's judgment of March 6, 2019 was final and appealable, and that Mr. Barker could file a motion for appeal with the district court pursuant to La. C.C.P. art. 2087. See *Barker v. Louisiana Attorney Disciplinary Board, et al.*, 2019-0267 (La. App. 1 Cir. 4/17/19), (unpublished).

Notice of the March 6, 2019 judgment was mailed to Mr. Barker on March 11, 2019. Mr. Barker filed a motion for appeal on June 21, 2019, which was granted by the district court on June 27, 2019. No motion for new trial had been previously filed by Mr. Barker. This court issued an *ex proprio motu* order on August 21, 2019 to show cause as to why the instant appeal should not be dismissed for untimeliness. While this court's writ panel maintained the appeal, it reserved the final determination of whether the appeal should be maintained or dismissed to the merits panel.

Louisiana Code of Civil Procedure article 2087(A)(1) requires an appeal to be taken within 60 days of either the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, if no application has been timely filed. The delay for applying for a new trial is seven days, exclusive of legal holidays, after the mailing of the notice of judgment. La. C.C.P. art. 1974. In the

3

instant case, the notice of judgment was mailed on March 11, 2019. The delay for Mr. Barker to file a motion for new trial ended on March 20, 2019. The delay to file the instant appeal ended on May 20, 2019, and Mr. Barker did not file the appeal until June 21, 2019. The instant appeal is therefore untimely on its face.

We recognize that Mr. Barker applied for supervisory writs on March 7, 2019 concerning the same issue as the instant appeal. Although we denied that writ application on April 17, 2019, its filing did not suspend the running of the delay for an appeal. See *Everett v. Baton Rouge Student Housing, L.L.C.*, 2010-0856 (La. App. 1 Cir. 5/6/11), 64 So.3d 883, 885-86, writ denied, 2011-1169 (La. 9/16/11), 69 So.3d 1149; *Guillory v. Hartford Ins. Co.*, 383 So.2d 144, 145 (La. App. 3 Cir. 1980). The instant appeal therefore must be dismissed as untimely. This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1.B. All costs are assessed to the plaintiff/appellant, Samuel Barker.

**APPEAL DISMISSED.**