JORDAN LIPNER-RIZA      *      NO. 2024-CA-0612

VERSUS      *      COURT OF APPEAL

TIMOTHY AARON CAUSEY      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-10372, DIVISION "G"
Honorable Veronica E. Henry
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)


Lee A. Heidingsfelder
WINSBERG, HEIDINSFELDER & GAMBLE, LLC
650 Poydras Street
Suite 2050
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE


Shaye R. Lirette
LAW OFFICE OF SHAYE R. LIRETTE
407 Huey P. Long Ave.
Gretna, LA 70053

     COUNSEL FOR DEFENDANT/APPELLANT


        **APPEAL DISMISSED**
        **DECEMBER 1, 2025**

Defendant, Timothy Aaron Causey ("Causey"), appeals the November 9, 2023 Judgment granting a Motion to Relocate Principal Residence of Minor Child in favor of Plaintiff, Jordan Lipner-Riza ("Lipner-Riza"). For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The parties to this action are the unmarried parents of a son ("R.C."), born on March 27, 2017. The record demonstrates the following:

- November 9, 2023, a signed Judgment was rendered granting Lipner-Riza's Motion to Relocate and ordering that Lipner-Riza shall have physical custody of the minor child at all times. The Judgment further set a visitation/holiday schedule and provided for telephone communication with the minor child. Causey's Opposition to Relocation, Motion for Injunctive Relief, Motion to Modify Consent Judgment, and to Name a Domiciliary Parent was denied as moot.

- November 13, 2023, Notice of Judgment was issued.

- December 4, 2023, Causey filed a Motion for New Trial.

- December 11, 2023, the Motion for New Trial was denied as untimely.

- February 1, 2024, Notice of Judgment on the denial of the Motion for New Trial was issued.

- Instead of seeking an appeal, Causey filed a supervisory writ application seeking review of the denial of the Motion for New Trial.

- March 18, 2024, this Court granted Causey's writ application (finding that the Motion for New Trial was timely) but denied relief, finding no abuse of discretion on the part of the trial court in denying the Motion for New Trial. *Jordan Lipner-Riza v Timothy Aaron Causey*, 2024-C-0087, (La. App. 4 Cir. 3/18/24), unpub.

- April 18, 2024, Causey filed a Motion for Appeal from the Judgment granting Lipner-Riza's Motion to Relocate.

"Before considering the merits of any appeal, an appellate court has 'the duty to determine *sua sponte* whether [proper] jurisdiction exists, even when the parties do not raise the issue.' " *Succession of Hickman*, 2022-0730, p. 5 (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 589 (alteration in original) (quoting *Lirette v. Adams*, 2022-0552, p. 17 (La. App. 4 Cir. 1/31/23), 382 So.3d 122, 133-34).

As reiterated by this Court in *Gilberti v. Gilberti*, 2022-0291, pp. 3-4 (La. App. 4 Cir. 11/2/22), 351 So.3d 800, 802-03:

> [E]xpedited appeal deadlines exist for certain family law cases. Under La. C.C.P. art. 3943, "[a]n appeal from a judgment awarding, modifying, or denying custody, visitation, or support of a person can be taken only within the delay provided in Article 3942." Article 3942 provides the delay for taking an appeal from a judgment granting or refusing an annulment or divorce, which "can be taken only within thirty days from the applicable date provided in Article 2087(A)." La. C.C.P. art. 3942(A). Read together, these articles provide that an appeal from a judgment awarding child support can be taken only within the following deadlines:
>
> > (1) where no timely motion for new trial is filed, thirty days from the deadline to file a motion for new trial (seven days, exclusive of legal holidays); or
> >
> > (2) thirty days from the date of mailing the court's denial of a timely filed motion for new trial.

Moreover, it is well-established that an application for supervisory writs has "no effect on the appeal delays." *Gregory Swafford Family Trust v. Graystar Mortg., LLC*, 2022-00059 (La. 3/15/22), 333 So.3d 1238 (*per curiam*) (citing *Guillory v. Hartford Ins. Co.*, 383 So.2d 144, 145 (La. App. 3rd Cir. 1980)).

We recognize that pursuant to Uniform Rules - Courts of Appeal, Rule 4-4(A), "[t]he filing of, or the granting of, a writ application shall not stay further proceedings unless the trial court or the Court of Appeal expressly orders a stay." However, the record in this case does not show that a stay was requested.

As stated above, pursuant to La. C.C.P. art. 3943, an appeal from a judgment modifying custody and visitation must be taken within thirty days from the date of mailing the court's denial of a timely filed motion for new trial. Here, the record reflects that the trial court mailed notice on February 1, 2024. March 4, 2024 was the last day to file a motion for appeal. Causey's appeal was filed on April 18, 2024. Because the filing of the writ application did not interrupt the appeal delays, this appeal is untimely.

**CONCLUSION**

It is evident from a review of the record that this appeal is untimely on its face. Accordingly, we dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED**