DOMENGEAUX, Judge.
MOTION TO DISMISS
An ex proprio motu order was issued herein by the court directing appellants, Stafford Guillory and Sandra Guillory, to show cause why this appeal should not be dismissed for failure to timely file the appeal.
The trial court signed judgment denying appellants’ motion to proceed in forma pau-peris on August 28, 1979. Appellants did not move for a new trial. On November 7, 1979, appellants filed a motion for devolu-tive appeal, which motion was signed by the trial judge on the same day.
The delay for taking a devolutive appeal is governed by C.C.P. art. 2087 which provides, in part, that a devolutive appeal must be taken within 60 days of the expiration of the delay for applying for a new trial.
The delay for applying for a new trial is seven days, exclusive of legal holidays. The delay commences the day after judgment is signed, when no notice of judgment is required. C.C.P. art. 1974.
In the instant case, judgment was signed on August 28,1979. The delay for applying for a new trial expired on Tuesday, September 7, 1979. Therefore the 60 day devolu-tive appeal period commenced on September 8, 1979, and expired on Tuesday, November 6, 1979.
Appellants’ motion for devolutive appeal was untimely filed on November 7, 1979. It is well settled by the jurisprudence that appellate courts do not acquire jurisdiction of an appeal which is not timely perfected. Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976).
Appellants admit that the motion for appeal was not filed within 60 days of the expiration of the delay for applying for a new trial, but contends that the filing was not untimely because he had applied for supervisory writs which were denied by this court on October 28, 1979. Appellants contend that the time for filing an appeal was suspended until this court denied their application for supervisory writs. We disagree.
C.C.P. art. 2201 provides that supervisory writs may be applied for and granted in accordance with the constitution and rules of the Supreme Court and other courts exercising appellate jurisdiction. The appellants have cited no statute, court rule, or jurisprudence, and we have found none, which holds that an application for supervisory writs suspends the running of the delay for filing an appeal. Appellants’ application for supervisory writs had no effect on the delay for filing an appeal from the August 28, 1979 judgment.
Appellants’ failure to timely file the motion for appeal is fatal to the appeal.
The appeal is dismissed at appellants’ costs.
APPEAL DISMISSED.