COLE, Judge.
This court, ex proprio motu, examined the record and found an apparent defect in the appeal taken, to-wit, the timeliness of its filing. Accordingly, we ordered the parties to show cause why the appeal should or should not be dismissed.
The record reveals the following chronology:
1. Judgment rendered in Open Court _January 21, 1980
2. Judgment read and signed in Open Court _January 28, 1980
3. Application for new trial_January 24,1980
4. Judgment signed, denying application for new trial_February 13,1980
5. Motion for a stay order (addressed to district court) _February 13,1980
6. Motion for a stay order denied ..February 13,1980
7. Application for supervisory writs___February 14,1980
8. Application for supervisory writs denied_February 28, 1980
9. Motion for appeal _March 27,1980
La. Code Civ.P. art. 3943 provides an appeal from a judgment awarding alimony can be taken only with the delay provided in article 3942. Article 3942 provides for a delay of thirty days from the applicable date set forth in article 2087. Thus, the delay in this instance begins to run from the court’s refusal to grant a new trial [art. 2087(2)] or, if the notice has been requested, from the date of the mailing of the notice of the court’s refusal to grant the new trial. [Art. 2087(3)].
There is nothing in the record or in appellant’s brief to indicate a request was made for notice of rendition of judgment granting or refusing the new trial. Since the judgment was signed on February 13, 1980, the last day to timely appeal was March 14, 1980. This appeal was granted on March 27, 1980.
Appellant contends his application for supervisory writs suspended the running of time for appeal until it was denied by this court on February 28, 1970. Although he claims he had thirty days from the denial in which to appeal, he does not cite any cases or statutes to support his argument. The Third Circuit recently held the application for supervisory writs had no effect on the delay for filing an appeal. Guillory v. Hartford Insurance Company, 383 So.2d 144 (La.App.3d Cir. 1980). We agree with the reasoning of the Third Circuit and dismiss this appeal. Appellate courts do not acquire jurisdiction of appeal which is not timely perfected. Appellant is to pay all costs of these proceedings.
APPEAL DISMISSED.