JgWALTER J. ROTHSCHILD, Judge.
On September 15, 2000, Main Electronics, Inc. (“MEI”) filed a “Petition on Open Account” against Toddler Academy, Inc. (“TAI”) and Rickey Ullo, asserting that these defendants owe $6,985.28, plus interest, attorney fees, and costs, to MEI for installation of a fire alarm system, burglar alarm system, and paging system, as well as monitoring services, pursuant to a contract entered into by the parties on July 30, 1999. TAI and Mr. Ullo filed an answer, in which they denied the plaintiffs allegations, and a reconventional demand, in which they sought damages from MEI for installation of defective and inoperable equipment.
Trial of this matter was held on March 6, 2002. On April 2, 2002, the trial court rendered a judgment in favor of MEI and against TAI and Mr. Ullo, awarding MEI $3,485.00, representing the unpaid balance for purchase and installation of the equipment, and $5,640.00 for unpaid monitoring services. The trial court also awarded MEI an 18% finance charge and 25% attorney fees, pursuant to the contract between the parties, as well as interest and *104 court costs. The reconventional demand filed by TAI and Mr. Ullo was dismissed.
On March 14, 2002, TAI and Mr. Ullo filed a “Motion and Order for New Trial/Trial de Novo and Appeal,” and the trial judge set the matter for a hearing. On August 7, 2002, a hearing was held at which the trial court denied the ^defendants’ motion for new trial, but the issue of an appeal was not addressed. On August 15, 2002, the defendants filed a document entitled, “Notice of Intent to File Appeal,” but in the document, the defendants noticed their intent to apply to this Court for supervisory writs.[1]
On December 9, 2002, MEI filed a “Motion to Dismiss the Appeal of the Defendants, Toddler Academy, Inc. and Rickey Uddo [sic] for Failure to Comply with the Appellate Deadlines,” which was set for hearing, but the record does not indicate that the trial court ruled on this motion. Then, on May 3, 2004, MEI filed a “Motion and Order to Compel and Request for Costs and Attorney Fees,” requesting that the trial court order the Jefferson Parish Clerk of Court to lodge the defendants’ appeal and the Fifth Circuit Court of Appeal to accept the appeal.[2] The trial court set the matter for hearing and ordered the Clerks of Court for both Jefferson Parish and the Fifth Circuit Court of Appeal to show cause on June 14, 2004 why the appeal should not be lodged and accepted. In response, on May 18, 2004, this Court issued the following order:
On May 6, 2004, Division B of the First Parish Court for the Parish of Jefferson issued an order in this case directing the Clerk of Court for the Fifth Circuit Court of Appeal to appear in Parish Court on June 14, 2004, at 10:00 a.m. to show cause “why the Fifth Circuit Court of Appeal should not be ordered to accept the appeal of this matter.” This Court, acting sua sponte in exercising its supervisory jurisdiction granted by Article 5, § 10(A) of the Louisiana Constitution, recognizes that the Parish Court’s order conflicts with the legal authorities governing appeals.
Article 5003 of the Louisiana Code of Civil Procedure provides that appeals from Parish Court are governed by the appellate procedures established by Articles 2081 through 2201 of that code. A review of this Court’s records discloses no documentation of an appeal in this case. This Court has not received any notice of appeal in this case, as required by La. C.C.P. art. 2121. Nor has | ¿this Court ever received any information about the existence of an appeal order showing the return date for an appeal in this case, as described in La. C.C.P. art. 2121.
The setting and extension of the return date for an appeal, payment of appeal costs, preparation of transcripts and appellate record, and the lodging of the record with the appellate court are governed by Articles 2125 through 2132 of the Louisiana Code of Civil Procedure. No court is empowered to order the acceptance of an appeal in variance with the appellate procedures established by those articles. And the Clerk of Court for the Fifth Circuit Court of Appeal is required by operation of law to follow those appellate procedures. The Parish *105 Court’s May 6, 2004 order directing the Clerk of Court for the Fifth Circuit Court of Appeal to appear and- show cause on. June 14, 2004, is thus without legal authority.
Accordingly,
IT IS ORDERED that the May 6, 2004 order issued in this case by Division B of the First Parish Court for the Parish of Jefferson is vacated insofar as that order directs the Clerk'of Court for the Fifth Circuit Court of Appeal to appear and show caused on June 14, 2004, at 10:00 a.m.
Thereafter, at a hearing on June 14, 2004, the following exchange occurred:
THE COURT:
As far as I’m concerned my judgment was final.
MR. FORMAN:
Well the 5th Circuit ( — ) again I haven’t been involved in this case from the beginning. But the 5th Circuit said that the defendant did not timely file his appeal, and therefore there is no appeal. We would like, Your Honor, to render a judgment saying that the judgment is final.
THE COURT:
Well it is final. I signed it. I denied the Motion for a New Trial. I can’t deny their appeal. I can’t dismiss their appeal. If the Court of Appeals dismissed it, it’s over. Their appeal is over. That is their decision not mine.
Now, my judgment is final. If you want to collect it do what ever you have to. I don’t think I have to rule and say my final judgment is now final.
MR. FORMAN:
■ | nWhat the defense did they didn’t file it timely. They filed for supervisory writs, which you don’t do on a final judgment. THE COURT:
I understand. That was dismissed. It didn’t operate as an appeal for them either.
On July 29, 2004, the trial judge signed an order, denying MEI’s motion to compel on the grounds that, “[pjlaintiffs judgment rendered April 2, 2002 is final and executo-ry.” Nevertheless, when the defendants filed a “Motion and Order for Clarification of the Record” on September 13, 2004, seeking an appeal and a return date, the trial judge granted the motion and set the return date as “according to law” and 45 days “after costs is [sic] paid.”[3]
In their appellant brief to this Court, TAI and Mr. Ullo set forth three assignments of error. In response, MEI filed an appellee brief asserting, among other things, that the appeal should be dismissed on the grounds of untimeliness. We agree that the appeal is untimely.
Trial of this matter was held on March 6, 2002, and a judgment was signed on April 2, 2002. The defendants filed a motion for new trial on March 14, 2002, which was denied in open court on August 7, 2002. On August 15, 2002, the defendants filed a “Notice of Intent to File Appeal,” in which they noticed their intent to file for supervisory writs, not a suspensive or de-volutive appeal. The trial judge signed a judgment denying the motion for new trial on August 22, 2002, and notice of signing of the judgment was issued by the Clerk of Court on August 26, 2002.
LSA-C.C.P. art. 2121 provides in pertinent part:
An appeal is taken by obtaining an order therefor, within the delay allowed, *106 from the court which rendered the judgment. (Emphasis added.)
LSA-C.C.P. art. 5002 provides:
IfiA. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
The judgment at issue is a final judgment which is subject to review by this Court only when an order of appeal has been timely sought and granted. The record shows that the defendants did not timely seek an appeal within the delays allowed by law. Accordingly, the defendants’ appeal is not properly before this Court, and we dismiss the appeal at defendants/appellants’ costs.

APPEAL DISMISSED.

. The defendants did not file an application for supervisory writs with this Court within the delays allowed by law.

. In this motion, MEI states, “[PJlaintiff has attempted on numerous occasions to have the defendant order such a hearing since it is their burden to appeal this matter and plaintiff is now without any recourse to collect on its judgment.” Therefore, it appears that MEI filed this motion in order to seek finality of the judgment in its favor.

. The defendants originally filed a “Motion and Order to Set Return Date” on August 17, 2004, which was apparently problematic because the order was did not contain the word “appeal” and was unclear.