PARRO, J.
| gCalvin Everett appeals a judgment granting motions for summary judgment filed by the defendants, Baton Rouge Student Housing, L.L.C., Century Campus Housing Management, L.P., d/b/a Campus Living Villages, and Admiral Insurance Company, and dismissing his lawsuit. For the following reasons, we dismiss the appeal.
RULE TO SHOW CAUSE
On August 31, 2010, this court, ex pro-prio motu, issued an order for the parties to show cause by briefs on or before September 15, 2010, whether the appeal should be dismissed as untimely. All parties timely filed briefs concerning this issue. The rule to show cause was referred to the panel to which the appeal was assigned. Everett v. Baton Rouge Student Housing, L.L.C., 10-0856 (La.App. 1st Cir.12/3/10) (unpublished writ action). Accordingly, we shall address this motion in order to determine whether the appeal should be dismissed.
The record shows the following information. On April 24, 2009, Judge Todd W. Hernandez signed a judgment granting the motions for summary judgment filed by all defendants in this matter and dismissing Everett’s lawsuit, with prejudice, at his costs. A certificate at the bottom of the judgment, signed by the deputy clerk of court, states:
I hereby certify that on this day a notice of the above judgment was mailed by *885 me, with sufficient postage affixed, to: Michael Mentz, Melvin Eiden, Brent Maggio, Edward Moses, Jeff Valliere. Done and signed on April 30, 2009.[1]
Louisiana Code of Civil Procedure article 1974 provides that “[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay ... commences to run on the day after the clerk has mailed ... the notice of judgment as required by Article 1913.” April 30, 2009, fell on a Thursday. Counting from the following day, Friday, May 1, 2009, and excluding the weekends, which are legal holidays, the seventh day was May 11, 2009. Everett filed his motion for new trial on May 18, 2009. This motion was untimely.[2]
According to LSA-C.C.P. art. 2087(A)(1), a devolutive appeal must be filed within | Ssixty days of the expiration of the delay for applying for a new trial, if no application has been filed timely. Since Everett’s motion for a new trial was untimely, the time for filing a devolutive appeal in this case expired July 10, 2009, which was the last day “within” sixty days after May 11, 2009. However, Everett did not file a devolutive appeal; he filed an application for supervisory writs on September 15, 2009. This court denied the writ with an order, stating:
WRIT DENIED WITH ORDER. The April 29, 2009 judgment granting defendants’ motions for summary judgment and dismissing plaintiffs suit with prejudice is a final, appealable judgment. Therefore, it is hereby ordered that this case be remanded to the district court with instructions to grant relator an appeal pursuant to his September 15, 2009 pleading notifying the court of relator’s intention to seek review of the denial of his motion for new trial. See In re Howard, 541 So.2d 195 (La.1989). However, we note that there is no order for appeal. Therefore, in the event relator seeks to appeal the judgment, he shall submit an order for appeal to the district court within fourteen days of this Court’s order. A copy of this Court’s action is to be included in the appellate record.
Everett v. Baton Rouge Student Housing, L.L.C., 10-0095 (La.App. 1st Cir.3/15/10) (unpublished writ action). Everett then filed a motion and order for appeal in the district court on March 31, 2010, and the order permitting his appeal was signed on April 6, 2010.[3]
When an application for writs is sought, further proceedings may be stayed at the trial court’s discretion. Any request for a stay of proceedings should be presented first to the trial court. The filing of, or the granting of, a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise. Rule 4-4(A), Uniform Rules of Louisiana Courts of Appeal. The record in this case does not show that a request for a stay in connection with the writ application was presented to the trial *886 court or this court, or that a stay was granted by either court. Therefore, the delay for filing for a devolutive appeal was not suspended, interrupted, or stayed by the filing of Everett’s application for supervisory writs. Accordingly, neither the filing of his application for supervisory writs on September 15, 2009, or the filing of a motion and order for appeal on March 81, 2010, was timely.
An appeal is taken by obtaining an order therefor, within the delay allowed, |/rom the court which rendered the judgment. LSA-C.C.P. art. 2121. The appeal delays found in LSA-C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; these time limits are jurisdictional.[4] An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. See Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Bd. for the City of Baton Rouge and East Baton Rouge Parish, 99-2907 (La.App. 1st Cir.12/22/00), 778 So.2d 75, 78, citing Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991). An application for new trial does not interrupt the delay for applying for a new trial or the delays for appealing unless the application is timely. Carona v. Webster, 270 So.2d 609, 611 (La.App. 1st Cir.1972); see also Main Electronics, Inc. v. Toddler Academy, Inc., 04-1348 (La.App. 5th Cir.3/1/05), 900 So.2d 103, 105-06, writ denied, 05-0829 (La.5/13/05), 902 So.2d 1025.
A court’s lack of jurisdiction can be noticed by the court on its own motion at any time. LSA-C.C.P. art. 2162; see Strickland v. Layrisson, 96-1280 (La.App. 1st Cir.6/20/97), 696 So.2d 621, 624, writ denied, 97-1940 (La.11/14/97), 704 So.2d 228. In this case, because of the lack of a timely motion for new trial, the delays for filing a motion and order of appeal were not interrupted, and the appeal was not timely filed. Therefore, we find that this court has no jurisdiction over the appeal of the April 24, 2009 judgment.
CONCLUSION
For the above reasons, the appeal of the April 24, 2009 judgment is dismissed, at Calvin Everett’s cost.
APPEAL DISMISSED.
GUIDRY, J., concurs.

. Edward Moses was Everett’s attorney of record.

. Despite the untimely application, the court heard the motion for new trial on August 24, 2009, and denied the motion. A judgment denying the motion for new trial was signed November 12, 2009.

. We note that when this court denied Everett’s application for supervisory writs on March 15, 2010, and remanded with instructions to grant Everett an appeal pursuant to his September 15, 2009 pleading, there was no determination made as to whether the motion for new trial had been timely filed. Since there had been no such determination, on December 3, 2010, this court referred to this panel the rule to show cause why the appeal should not be dismissed.

. However, Paragraph E of Article 2087 provides a specific exception for situations in which a case is removed to a federal court. This exception is clearly not applicable to this case.