CRAIN, J.
|?In this domestic proceeding, the father of two minor children appeals a judgment granting joint custody of the children to him and their mother. We dismiss the appeal as untimely.
FACTS AND PROCEDURAL HISTORY
Kendrick D. Jupiter filed a petition seeking sole custody of the two minor children of his former marriage to Delisyee Daggs Jupiter. Following a trial, the trial court signed a judgment on September 26, 2013, granting joint custody to both parents, with Mr. Jupiter designated as the domiciliary parent for one of the children, H.J., and Ms. Jupiter designated as the domiciliary parent for the other child, A.J.[1] *1242 Notice of the judgment was mailed to Mr. Jupiter’s counsel on September 27, 2013. On October 21, 2013, Mr. Jupiter filed a “Motion to Set Aside Judgment” asserting that the judgment does not reflect the stipulations of counsel, does not reflect the orders of the trial court, and that “[ojppos-ing counsel did not incorporate our opinions on” the judgment. That motion was set for hearing on December 2, 2013, and then continued to February 24, 2014. The record before this court does not reflect any further activity in connection with that motion.
On November 26, 2013, Mr. Jupiter filed a motion for appeal from the September 26, 2013 judgment.[2] On appeal, Mr. Jupiter asserts that the trial court erred in designating Ms. Jupiter as the domiciliary parent of A.J. and in awarding Ms. Jupiter joint custody of A.J. This court, ex proprio motu, issued a rule to show cause why the appeal should not be dismissed as untimely. Mr. Jupiter did not respond to the rule to show cause.
| .LAW AND ANALYSIS
Appeals from judgments awarding, denying, modifying, or terminating alimony or custody are governed by the provisions of Louisiana Code of Civil Procedure article 3943. Malone v. Malone, 282 So.2d 119, 121 (La.1973). Article 3943 provides, in pertinent part, that an “appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942.” Article 3942 permits an appeal from a judgment granting or refusing an annulment of marriage or a divorce “only within thirty days from the applicable date provided in Article 2087(A).” Article 2087(A), in turn, provides that the delay for filing a devolutive appeal commences upon the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict or the date of the mailing of the notice of the trial court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict. The delay for applying for a new trial is seven days, exclusive of legal holidays, commencing on the day after the clerk has mailed, or the sheriff has served, the notice of judgment. See La.Code Civ. Pro. art. 1974.
The clerk of court mailed notice of the September 26, 2013 judgment to Mr. Jupiter’s counsel on September 27, 2013, so the deadline for filing a motion for new trial was October 8, 2013. Pretermitting whether Mr. Jupiter’s “Motion to Set Aside Judgment” constitutes a motion for new trial, we find that the filing of that motion did not interrupt the appeal delays, because it was filed on October 21, 2013, well after the applicable deadline for a motion for new trial. An application for new trial does not interrupt the delay for applying for a new trial or the delays for appealing unless the application is timely. Everett v. Baton Rouge Student Housing, L.L.C., 10-0856 (La.App. 1 Cir. 5/6/11), 64 So.3d 883, 886, writ denied, 11-1169 (La.9/16/11), 69 So.3d 1149. Therefore, the 30-day delay for appealing the September 26, 2013 judgment commenced on October 9, 2013, and expired on | November 7, 2013. Mr. Jupiter’s motion for appeal was filed on November 26, 2013, almost three weeks after the expiration of the appeal delay.
An appellant’s failure to file a de-volutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for *1243 filing a devolutive appeal has elapsed. Everett, 64 So.Bd at 886. A court’s lack of jurisdiction can be noticed by the court on its own motion at any time. La.Code Civ. Pro. art. 2162; Everett, 64 So.Bd at 886.
The delays for filing a motion and order of appeal were not interrupted by a timely filed motion for new trial in this ease, and the motion for appeal was filed after the expiration of the applicable delay. Accordingly, this court has no jurisdiction over the appeal of the September 26, 2013 judgment, and we dismiss the appeal. See Haydel v. Pellegrin, 12-1697 (La.App. 1 Cir. 4/26/13), 2013 WL 1791037 (dismissing untimely appeal of custody judgment under Article 3943).
CONCLUSION
For the above reasons, the appeal of the September 26, 2013 judgment is dismissed, and all costs are assessed to Kendrick D. Jupiter.
APPEAL DISMISSED.

. Pursuant to Uniform Rules — Courts of Appeal, Rule 5-2, we use initials throughout to protect the identity of the minor children.

. According to the record, the motion for appeal was filed by facsimile transmission, and the original motion was filed thereafter on December 2, 2013. See La. R.S. 13:850.