THERIOT, J.
O'Neal Bosley and Bosley's Driving School (collectively "Appellants") appeal the Nineteenth Judicial District Court's ("the district court") judgment affirming the Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles' ("Appellee") revocation of Appellants' license to instruct driver's education classes. For the following reasons, we dismiss the appeal as untimely.
FACTS AND PROCEDURAL HISTORY
Mr. Bosley owns and operates Bosley's Driving School, which offers driver's education classes to the public. Bosley's Driving School is based in Ascension Parish and has locations in Donaldsonville, Louisiana and Gonzales, Louisiana. In Louisiana, there are two types of driver's education *297 courses for individuals who have never been licensed: (1) a fourteen-hour course for individuals over eighteen, which requires six hours of classroom instruction and eight hours of behind-the-wheel driving; and (2) a thirty-eight hour course for individuals under eighteen, which requires thirty hours of classroom instruction and eight hours of behind-the-wheel driving. La. R.S. 32:402.1. Bosley's Driving School's Donaldsonville location was licensed to teach the six hours of classroom instruction, while the Gonzales location was licensed to teach the full fourteen-hour driver's education course. Neither location was licensed to teach the thirty-eight hour course. Appellants were also certified as third party testers, which allowed Appellants to administer on-road driving skills tests.
In October 2012, Appellants applied to Appellee for a license to instruct the thirty-eight hour driver's education course. On December 10, 2012, Appellants were notified via email that the application was denied because Appellants' proposed lesson plan did not satisfy the current curriculum's requirements. Despite this denial, Appellants issued certificates of successful completion of the thirty-eight hour driver's education course to several students. Appellee subsequently learned of these issuances and, on March 26, 2014, sent Appellants an order to cease and desist any and all further operations as a driving school and third party tester for Louisiana. On March 27, 2014, Appellee notified Appellants that because Appellants were providing students with the thirty-eight hour driver's education course despite not being licensed to do so, Appellants' licenses to instruct the six-hour course and the fourteen-hour course were revoked. Appellants' third party tester agreement was also revoked. Appellants immediately appealed that decision and requested a hearing. On November 25, 2014, Appellee informed Appellants that their licenses to instruct were not being renewed for 2015-2016. On December 31, 2014, Appellants' licenses to instruct and third party tester agreement expired.
Pursuant to Appellants' request, an administrative hearing was held on February 20, 2015. Appellee's revocations were ultimately affirmed, primarily on the grounds that Appellants had conducted the thirty-hour classroom portion of the thirty-eight hour course despite not being licensed to do so. Appellants sought judicial review of the Division of Administrative Law's decision by the district court on May 1, 2015. Appellee filed a motion to dismiss for no cause of action, which was granted by the district court on May 26, 2015, without a contradictory hearing.
Appellants filed a devolutive appeal of the district court's decision on July 29, 2015. On April 27, 2016, this court reversed and remanded the case back to the district court, finding that the district court should have ordered a hearing on the merits of Appellee's exception and that the administrative record needed to be incorporated into the district court's record. Bosley'sDriving School v. Department of Public Safety and Corrections , 2015-1398 (La. App. 1 Cir. 4/27/16), 2016 WL 2840583 (unpublished). On April 12, 2017, the district court affirmed the Division of Administrative Law's decision for a second time and dismissed the matter with prejudice. This devolutive appeal followed.
DISCUSSION
On September 19, 2017, Appellee filed a motion and order to dismiss the appeal, alleging that Appellants failed to timely appeal the district court's decision. Appellee argues that the deadline to appeal was July 5, 2017, but that Appellants did not appeal until July 11, 2017.
*298 Louisiana Code of Civil Procedure article 2087 states in relevant part:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
Louisiana Code of Civil Procedure article 1974 states that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
In the present case, the district court mailed its notice of judgment on April 28, 2017. Accordingly, the time period for applying for a new trial expired on Tuesday, May 9, 2017. The time period for filing a devolutive appeal therefore expired on Monday, July 10, 2017. Appellants filed a motion for devolutive appeal on Tuesday, July 11, 2017. An appellant's failure to timely file a devolutive appeal is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Everett v. Baton Rouge Student Housing L.L.C. , 2010-0856 (La. App. 1 Cir. 5/6/11), 64 So.3d 883, 886, writ denied , 2011-1169 (La. 9/16/11), 69 So.3d 1149. Because Appellants did not appeal within the available time period, the appeal must be dismissed as untimely.
DECREE
For the above and foregoing reasons, the motion to dismiss the appeal filed by Appellee, Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles, is granted. The appeal filed by Appellants is dismissed as untimely at Appellants', O'Neal Bosley and Bosley's Driving School, cost.
DISMISSED.