# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

### NO. 2022 CA 1290

## LAWRENCE DAVID PHILLIPS, JR.

### VERSUS

**EXXON CHEMICAL LOUISIANA, LLC, AND/OR EXXON CHEMICAL AMERICAS, EXXON MOBIL CORPORATION, TAYLOR-SEIDENBACH, INC., THE McCARTY CORPORATION, ANCO INSULATIONS, INC., INGERSOLL RAND COMPANY, AMEC FOSTER WHEELER CONSTRUCTORS, INC., RESCO HOLDINGS, LLC, AS SUCCESSOR TO M.W. KELLOGG COMPANY, OWENS ILLINOIS, INC. D/B/A OWENS-ILLINOIS, JACOBS ENGINEERING GROUP, INC., AS SUCCESSOR-IN-INTEREST TO H.E. WIESE, INC. AND JACOBS/WIESE CONSTRUCTORS, INC., ENTERGY GULF STATES LA, LLC, UNIROYAL HOLDINGS, INC., TURNER INDUSTRIES GROUP, LLC SUCCESSOR-IN-INTEREST TO NATIONAL MAINTENANCE CORPORATION AND NICHOLS CONSTRUCTION COMPANY, AMERON INTERNATIONAL CORPORATION, AND CBS CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION**

Judgment Rendered: **JUN 2 3 2023**

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 691676

The Honorable Timothy E. Kelley, Judge Presiding

| | |
|---|---|
| Lewis O. Unglesby | Counsel for Plaintiff/Appellant, |
| Lance C. Unglesby | Eunice Phillips and Mollie |
| Jamie F. Gontarek | McCann, Individually and on |
| Adrian M. Simm, Jr. | behalf of Lawrence David Phillips, |
| Baton Rouge, Louisiana | Jr. |

*EW dissenting*

Anthony Todd Caruso
Denham Springs, Louisiana

David M. Bienvenu, Jr.
John Allain Viator
Melissa Jade Avant
Thomas C. Naquin
Samantha M. Kennedy
Baton Rouge, Louisiana

James M. Williams
Daniel E. Buras, Jr.
Patrick R. Follette
Marshall C. Watson, Jr.
Inemesit U. O'Boyle
Metairie, Louisiana

Counsel for Defendant/Appellee,
Exxon Mobil Corporation

**BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.**

**MILLER, J.**

This matter is before us on appeal by plaintiffs, Eunice Phillips and Mollie McCann, individually, and on behalf of Lawrence David Phillips, Jr., from a judgment of the trial court entered in conformity with a jury's verdict dismissing plaintiffs' claims against Exxon Mobil Corporation with prejudice. For the reasons that follow, the appeal is dismissed.

## FACTUAL AND PROCEDURAL HISTORY

On December 12, 2019, Lawrence David Phillips, Jr. filed a suit for damages against his former employer, Exxon Mobil Corporation ("Exxon"), as well as other defendants, alleging damages sustained as a result of his exposure to asbestos materials belonging to Exxon.[1] Mr. Phillips alleged that from 1969 to 1979, during his employment with Exxon as an apprentice pipe fitter, pipe fitter, and welder, the nature of his job duties required him to directly manipulate, remove, and repair pipe equipment that had been insulated with asbestos containing materials. Mr. Phillips further alleged that as a result of his exposure and inhalation of asbestos dust, he was diagnosed with mesothelioma in October of 2019.

The matter was tried before a jury from April 5, 2021 to April 21, 2021. On April 7, 2021, Mr. Phillips died. His wife, Eunice Phillips, and daughter, Mollie McCann, were substituted as plaintiffs in his stead. At the conclusion of trial, the jury returned a verdict finding, as to Exxon, that: (1) Mr. Phillips did not prove, by a preponderance of the evidence, that asbestos containing products in the care, custody, and control of Exxon were a defect that presented an unreasonable risk of harm and were a substantial contributing factor in causing him to develop mesothelioma; and (2) Mr. Phillips did not prove, by a preponderance of the evidence, that Exxon was negligent for Mr. Phillips' exposure to asbestos and that

---

[1] In addition, Exxon Chemical Louisiana, LLC and/or Exxon Chemical Americas were improperly named as a defendant herein.

it was a substantial contributing cause of his mesothelioma. On May 5, 2021, the trial court signed a judgment in conformity with the jury's verdict dismissing plaintiffs' claims against Exxon with prejudice.

Plaintiffs then filed a motion for judgment notwithstanding the verdict ("JNOV") or alternatively, new trial. Following a hearing, the trial court signed a judgment on July 12, 2021, denying plaintiffs' motion for JNOV and granting plaintiffs' motion for new trial. Thereafter, Exxon filed an application for supervisory review of the July 12, 2021 judgment with this Court.[2] On March 17, 2022, this court granted the writ application, reversed the portion of the trial court's July 12, 2021 judgment granting plaintiffs' motion for new trial, and rendered judgment denying plaintiffs' motion for new trial. See Phillips v. Exxon Chemical Louisiana, LLC, 2021-1444 (La. App. 1st Cir. 3/17/22), 2022 WL 807958 (unpublished).

On July 5, 2022, plaintiffs filed a motion for a devolutive appeal from the underlying May 5, 2021 judgment on the merits. Therein, plaintiffs contend that they sought review of this court's March 17, 2022 writ action granting Exxon's writ application and denying plaintiffs' motion for new trial with the Louisiana Supreme Court, which was denied on June 8, 2022. See Phillips v. Exxon Chemical Louisiana, LLC, 2022-00645 (La. 6/8/22), 338 So. 3d 1196. Plaintiffs contend that pursuant to La. C.C.P. art. 2087, their motion for appeal is timely where it was filed less than sixty days after the Supreme Court's denial of their writ application.

---

[2]On November 5, 2021, this court issued notice to the parties that the writ was not considered because Exxon failed to provide a copy of the hearing transcript or the trial judge's reasons in violation of Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(C)(7). The notice further provided that Exxon failed to include a transcript of the underlying trial on the merits. This court, however, allowed supplementation of the writ in accordance with Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 and 4-9.

## TIMELINESS OF APPEAL

Upon the lodging of this appeal and examination of the record, this court, *ex proprio motu*, issued a rule to show cause order directing the parties to show cause why this appeal should not be dismissed as untimely. Following briefing by the parties, the rule to show cause was referred to the panel to which this appeal was assigned. Phillips v. Exxon Chemical Louisiana, LLC, 2022-1290 (La. App. 1st Cir. 3/6/23) (unpublished).

Louisiana Code of Civil Procedure article 2087(A) provides that an appeal may be taken within sixty days of: (1) the expiration of the delay for applying for a new trial or JNOV, if no application has been timely filed; or (2) the date of mailing of notice of the court's refusal to grant a timely application for new trial or JNOV. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions. La. C.C.P. art. 2087(D). An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. La. C.C.P. art. 2121.

Appellate courts do not acquire jurisdiction of an appeal that is not timely perfected. Bridges v. Baton Rouge General Medical Center, 2020-0270 (La. App. 1st Cir. 12/30/20), 317 So. 3d 662, 684, writ denied, 2021-00144 (La. 4/7/21), 313 So. 3d 985. The appeal delays found in La. C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; these time limits are jurisdictional.[3] Everett v. Baton Rouge Student Housing, L.L.C., 2010-0856 (La. App. 1st Cir. 5/6/11), 64 So. 3d 883, 886, writ denied, 2011-1169 (La. 9/16/11), 69 So. 3d 1149. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and

---

[3]Section (E) of La. C.C.P. art. 2087, however, provides a specific exception for situations in which a case is removed to a federal court. This exception is not applicable to the instant case. See Everett v. Baton Rouge Student Housing, L.L.C., 2010-0856 (La. App. 1st Cir. 5/6/11), 64 So. 3d 883, 886 n.4, writ denied, 2011-1169 (La. 9/16/11), 69 So. 3d 1149.

5

authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Everett, 64 So. 3d at 886.

In the instant case, on March 17, 2022, this court granted Exxon's writ application, reversed the trial court's July 12, 2021 judgment, and denied plaintiffs' motion for new trial. See Phillips v. Exxon Chemical Louisiana, LLC, 2021-1444 (La. App. 1st Cir. 3/17/22), 2022 WL 807958 (unpublished). Plaintiffs' motion for appeal was not filed until July 5, 2022, over sixty days after this court denied plaintiffs' motion for new trial.

The jurisprudence clearly establishes that the filing of an application for supervisory writs does not suspend the running of the delay for an appeal. In Guillory, the trial court signed a judgment denying plaintiffs' motion to proceed *in forma pauperis* on August 28, 1979. On November 7, 1979, plaintiffs filed a motion to appeal. On appeal, plaintiffs conceded that their motion for appeal was not filed within sixty days of the expiration for the delays to file a motion for new trial, but nonetheless contended that their filing was timely because they had applied for supervisory writs, which were denied by the appellate court on October 28, 1979, and which served to suspend the appeal delays. The appellate court therein noted that while La. C.C.P. art. 2201 provides that supervisory writs may be applied for and granted in accordance with the constitution and rules of the Supreme Court and other courts exercising supervisory jurisdiction, the "appellants have cited no statute, court rule, or jurisprudence, and we have found none, which holds that an application for supervisory writs suspends the running of the delay for filing an appeal." Guillory v. Hartford Insurance Company, 383 So. 2d 144, 145 (La. App. 3rd Cir. 1980). The court further held that plaintiffs' "application for supervisory writs had no effect on the delay for filing an appeal from the August 28, 1979 judgment [and that plaintiffs'] failure to timely file the motion for appeal [was] fatal to the appeal." Guillory, 383 So. 2d at 145.

6

In Everett, plaintiff's claims were dismissed with prejudice by a judgment signed on April 24, 2009. Since plaintiff's motion for new trial was untimely, the delay for filing a devolutive appeal expired on July 10, 2009. Instead of filing an appeal, plaintiff filed an application for supervisory review on September 15, 2009, which was denied. Then, on March 31, 2010, plaintiff filed a motion to appeal the April 24, 2009 judgment. See Everett, 64 So. 3d at 884. On review, this court noted that when an application for writs is sought, further proceedings may be stayed at the trial court's discretion. But the filing of, or granting of, a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise. See Everett, 64 So. 3d at 885. Where plaintiff failed to seek a stay order, this court determined that his application for supervisory writs and motion for appeal were untimely, explaining:

> An appeal is taken by obtaining an order therefor, **within the delay allowed,** from the court which rendered the judgment. LSA-C.C.P. art. 2121. The appeal delays found in LSA-C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; these time limits are jurisdictional. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed.

Everett, 64 So. 3d at 886 (citations and footnote omitted).

Recently, in Barker v. Plattsmier, 2019-1073 (La. App. 1st Cir. 5/11/20), 304 So. 3d 78, 80, writ denied, 2020-00961 (La. 10/20/20), 303 So. 3d 293, plaintiff's claims against defendants were dismissed in a judgment signed on March 6, 2019. On March 7, 2019, plaintiff filed an application for supervisory writs with this court, which was subsequently denied on April 17, 2019. Thereafter, on June 21, 2019, plaintiff filed a motion to appeal the March 6, 2019 judgment. On review, this court determined that where notice of the judgment was mailed on March 11, 2019, and the delay to file a motion for new trial expired on March 20, 2019, plaintiff's appeal filed on June 21, 2019 was untimely on its face. In so holding,

this court recognized that while plaintiff's writ application and appeal concerned the same issue, the filing of plaintiff's writ application did not suspend the running of the time delays to appeal the March 6, 2019 judgment. See Barker, 304 So. 3d at 80 (citing Everett, 64 So. 3d at 885-886 and Guillory, 383 So. 2d at 145).

In Gregory Swafford Family Trust v. Graystar Mortgage, LLC, 2021-0200 (La. App. 4th Cir. 10/27/21), __ So. 3d __, __, 2021 WL 4987965, plaintiff filed both an appeal and an application for supervisory writs of an adverse judgment. The appellate court held that, because the writ application was still pending, the underlying judgment was not final and thus, the motion for appeal was premature and subject to dismissal. See Gregory, ___ So. 3d at __. On review however, the Louisiana Supreme Court, relying on Guillory,[4] held that plaintiff's filing of an application for supervisory writs had no effect on the appeal delays and reinstated the appeal. Gregory Swafford Family Trust v. Graystar Mortgage, LLC, 2022-00059 (La. 3/15/22), 333 So. 3d 1238 (per curiam).

Similarly, in Jones v. Jones, 393 So. 2d 281, 282 (La. App. 1st Cir. 1980), the appellant contended that his application for supervisory writs suspended the running of time for an appeal until it was denied by this court, and further claimed he had thirty days from the denial of his writ application in which to appeal, but did not cite any cases or statutes to support his argument. This court recognized the Third Circuit's holding in Guillory, i.e., that the application for supervisory writs had no effect on the delay for filing an appeal, agreed with the reasoning of Guillory, and dismissed the appeal. In doing so, this court noted, "[a]ppellate courts do not acquire jurisdiction of [an] appeal which is not timely perfected." Jones v. Jones, 393 So. 2d at 282.

_____

[4]The "appellants have cited no statute, court rule, or jurisprudence, and we have found none, which holds that an application for supervisory writs suspends the running of the delay for filing a appeal." Guillory, 383 So. 2d at 145

8

Moreover, in <u>Mariani v. Delta Beverage Company</u>, 625 So. 2d 1088, 1089 (La. App. 4th Cir. 1993), the appellate court held that a devolutive appeal from the original judgment on the merits, filed over sixty days after the appellate court reversed the trial court's ruling granting a new trial, was untimely and subject to dismissal. In <u>Mariani</u>, plaintiff voluntarily dismissed his appeal after the trial court granted his motion for new trial, after initially denying it two months prior. The appellate court granted a writ application by defendant finding the trial court erred in vacating its original decision to deny the new trial and in granting a new trial because it was divested of jurisdiction upon the signing of the order of appeal. Plaintiff then filed a second motion and order for appeal. <u>Mariani</u>, 625 So. 2d at 1089. On appeal, the court determined that, pursuant to La. C.C.P. art. 2087, the delay for filing the devolutive appeal expired sixty days after the denial of his initial motion for new trial, and that the actions of the trial court in subsequently granting the motion for new trial did not extend the time delays allowed for appealing the original judgment on the merits because that action was vacated by the appellate court on writs. The court acknowledged that its ruling may seem inequitable, but noted that plaintiff's decision to dismiss his initial appeal was voluntary and that the loss of jurisdiction to grant a new trial or hear an appeal was an "absolute defect." <u>Mariani</u>, 625 So. 2d at 1089.

In response to the show cause order in the instant case, plaintiffs, relying on La. C.C.P. art. 2166(E), argue their appeal is timely because this court's March 17, 2022 ruling did not become final until five days after the clerk mailed the Supreme Court's denial of the application for certiorari. Plaintiffs' reliance on this article is misplaced. Louisiana Code of Civil Procedure article 2166 is found in Book III, Title I of the Code of Civil Procedure, which governs "Appellate Procedure" and is applicable to all **appeals** to the supreme court and the courts of appeal. <u>See</u> La. C.C.P. art. 2081. This court's March 17, 2022 ruling was a **writ** action, which

granted an application for supervisory writs. Book III, Title II of the Code of Civil Procedure governs "Supervisory Procedure" and is applicable to supervisory writs, which may be applied for and granted in accordance with the constitution and rules of the Louisiana Supreme Court and other courts exercising appellate jurisdiction. La. C.C.P. art. 2201; see also Louisiana Supreme Court Rules, Rule 10 and Uniform Rules of Louisiana Courts of Appeal, Rule 4. Thus, to the extent plaintiffs rely on La. C.C.P. art. 2166(E) and cases interpreting same, we find this analysis inapplicable and unpersuasive. Instead, we agree with the Mariani court that the delay for an appeal runs from the denial of the motion for new trial, whether that ruling is by the trial or appellate court, and like an application for supervisory writ, an application for certiorari does not suspend the running of the delay for an appeal.

Nonetheless, although the filing of an application for supervisory writs does not suspend the running of the delay for an appeal, in connection with the filing of a writ application, the applicant may request a stay of further proceedings. See Uniform Rules of Louisiana Courts of Appeal, Rule 4-4(A) ("When an application for writs is sought, further proceedings may be stayed at the trial court's discretion. Any request for a stay of proceedings should be presented first to the trial court. The filing of, or the granting of, a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise."); Louisiana Supreme Court Rules, Rule 10, Section 2(e) ("In all applications requesting a stay order ... ."); Everett, 64 So. 3d at 885. However, a review of the record in this case does not show that a stay was requested in connection with plaintiffs' writ application. Therefore, the delay for filing a devolutive appeal was not suspended, interrupted, or stayed by the filing of plaintiffs' application for writ of certiorari with the Louisiana Supreme Court. See Everett, 64 So. 3d at 886.

10

An appeal can be dismissed at any time for lack of jurisdiction of the appellate court. La. C.C.P. art. 2162. In this case, where the motion for appeal of the May 5, 2021 judgment was not filed within sixty days of this court's denial of plaintiffs' motion for new trial, the instant appeal is untimely and must be dismissed for lack of jurisdiction.

## CONCLUSION

For the above and foregoing reasons, the rule to show cause is granted and this appeal is dismissed. All costs of this appeal are assessed to the plaintiffs/appellants, Eunice Phillips and Mollie McCann, individually, and on behalf of Lawrence David Phillips, Jr.

**APPEAL DISMISSED.**

11