| | | |
|---|---|---|
| BENJAMIN F. CROSBY AND BENTEX ASSOCIATES, INC. | * | NO. 2023-CA-0012 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| SAHUQUE REALTY COMPANY, INC., LATTER & BLUM PROPERTY MANAGEMENT, INC., ABC INSURANCE COMPANY AND XYZ INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-11421, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Karen K. Herman)

Benjamin F. Crosby
7425 Wilson Road
West Palm Beach, FL 33413

      PLAINTIFF/APPELLANT

Lance B. Williams
Briana E. Whetstone
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC
195 Greenbriar Bloulevard, Suite 200
Covington, LA 70433

      COUNSEL FOR DEFENDANT/APPELLEE

            **MOTION TO DISMISS GRANTED;
            APPEAL DISMISSED; CASE REMANDED
            August 14, 2023**

*RML*

*DNA*

*KKH*

This case involves a landlord-tenant dispute. This case has a complex, lengthy procedural background.[1] At this stage in the litigation, only two parties and one claim remain. The remaining two parties are plaintiff, Benjamin F. Crosby,[2] and defendant, Sahuque. The one remaining claim is Sahuque's reconventional demand for indemnity against Mr. Crosby. From the trial court's August 5, 2022 judgment granting Sahuque's summary judgment motion on its reconventional demand (the "August 2022 Judgment"), Mr. Crosby appeals. For the reasons that follow, we grant Sahuque's motion to dismiss, dismiss Mr. Crosby's appeal, and remand this case.

---

[1] Three prior appeals have been filed in this matter. *Crosby v. Sahuque Realty Co.*, 12-1537, 1538 (La. App. 4 Cir. 8/21/13), 122 So.3d 1197 ("*Crosby 1*") (appeal of the trial court's sustaining of the prescription exception filed by Sahuque Realty Company, Inc. ("Sahuque")); *Crosby v. Sahuque Realty Co.*, 17-0424 (La. App. 4 Cir. 12/28/17), 234 So.3d 1190 ("*Crosby 2*") (appeal of the trial court's granting of Sahuque's summary judgment motion on liability); and *Crosby v. Sahuque Realty Co.*, 21-0167 (La. App. 4 Cir. 10/13/21), ___ So.3d ___, 2021 WL 4771687 ("*Crosby 3*") (appeal of the trial court's granting of Sahuque's summary judgment motion on the leases' waiver provisions).

[2] Although Mr. Crosby includes Bentex Associates, Inc. ("Bentex") as an appellant, Bentex was dismissed in 2016 and is no longer a party to this case. *See Crosby 2*, 17-0424, p. 5, 234 So.3d at 1195 (observing that "Bentex's claims are not before this Court," as Bentex and its claims were dismissed with prejudice on April 15, 2016, pursuant to a final judgment, which was not appealed).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Crosby filed this suit against Sahuque in 2009. As noted at the outset, this is an appeal by Mr. Crosby from the August 2022 Judgment granting Sahuque's summary judgment motion on its reconventional demand regarding the leases' indemnity provisions. In the August 2022 Judgment, the trial court ordered as follows:

> By contract, Benjamin Crosby is liable to Sahuque Realty Company, Inc. for the total amount of all liabilities, expenses, and reasonable attorneys' fees incurred by or on behalf of Sahuque Realty Company, Inc. in this litigation since the inception of this litigation in October 2009, regardless of whether the claims were filed by Benjamin Crosby or Bentex Associates, Inc. Said amount will be set pursuant to a subsequent hearing before this Court following Defendant's filing of a Motion to Set Fees and Costs

Thereafter, on September 6, 2022, Mr. Crosby filed a Notice of Intent, seeking to file an application for supervisory writ from this ruling ("Notice of Intent"). The trial court set the return date for the writ as October 22, 2022. The day before the return date—October 21, 2022—Mr. Crosby contemporaneously filed three pleadings:

- "Motion to Extend the Time for Filing Supervisory Writ Application" ("Motion to Extend Time");

- "Motion for Leave of Court for Conversion of Supervisory Writ Application to a Devolutive Appeal"; and

- "Motion & Order for Devolutive Appeal" ("Motion for Appeal").

On November 9, 2022, the trial court signed two separate orders—one granting the Motion to Extend Time, setting a new return date of November 21,

2022; and the other granting the Motion for Appeal. In the order granting the Motion for Appeal, the trial court stated:

> IT IS HEREBY ORDERED AND ADJUGED AND DECREED, that Plaintiff, Benjamin F. Crosby is hereby granted a deloutive appeal of this Court's Judgment date[d] August 5, 2022 and the September 22, 2022 Order of this Court setting the Return date of October 22, 2022 for Plaintiff's filing of his Application for Supervisory Writs be converted to a Devolutive Appeal and that Appellant/Relator comply with the ordinary rules governing appeals with the record returnable to the Louisiana Fourth Circuit Court of Appeal within the legal delays allowed by law.

This appeal followed.

In January 2023, Mr. Crosby's appeal was lodged. Shortly thereafter, Mr. Crosby filed a Motion to Remand to Trial Court for Trial on the Peremptory Exceptions Raising the Objection of Prescription. Thereafter, Sahuque filed two motions—a Motion to Dismiss and a Motion to Supplement. All three motions were deferred to the panel ultimately assigned to address the merits of the appeal— this panel. Because this panel finds the Motion to Dismiss dispositive, we also find it unnecessary to reach either of the other two motions or the merits of the appeal.

## DISCUSSION

An appeal may be dismissed at any time when "there is no right to appeal." La. C.C.P. art. 2162.; *Ramirez v. Evonir, LLC*, 14-1095, p. 3 (La. App. 4 Cir. 4/9/15), 165 So.3d 260, 262 (citation omitted). In his opposition to the Motion to Dismiss, Mr. Crosby contends that a motion to dismiss must be filed within ten days of the filing of the appeal. For this reason, he contends that Sahuque's Motion to Dismiss is untimely. In support, he cites Rule 2-8.1, Uniform Rules, Courts of Appeal ("Rule 2-8.1"), which he contends imposes such a ten-day limit. But, the version of Rule 2-8.1 that Mr. Crosby cites is apparently a prior version of the

3

rule.[3] Contrary to Mr. Crosby's contention, the current version of Rule 2-8.1, which applies here, does not impose a time limit for filing a motion to dismiss. Sahuque's Motion to Dismiss was timely filed.

In its Motion to Dismiss, Sahuque contends that Mr. Crosby's appeal should be dismissed for two reasons. First, the August 2022 Judgment is not a final, appealable judgment. Second, Mr. Crosby's Motion for Appeal was not filed within sixty days of the judgment. We separately address each issue—lack of a final, appealable judgment and untimely devolutive appeal.

*Lack of a Final, Appealable Judgment*

Before reaching the merits of any appeal, an appellate court has an independent duty to determine—even if the parties fail to raise the issue—whether subject matter jurisdiction exists to address the appeal. *See Moulton v. Stewart Enters., Inc.*, 17-0243, 0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citation omitted). "An appellate court cannot determine the merits of an appeal unless its subject matter jurisdiction is properly invoked by a valid final judgment." *Id.* (citation omitted). A final judgment must be precise, must award specific relief determinable from the judgment without reference to any extrinsic source, and must contain proper decretal language. *Id.* at pp. 4-5, 226 So.3d at 572.[4]

---

[3] In his opposition to the Motion to Dismiss, Mr. Crosby quotes Rule 2-8.1 as providing that "[s]uch motion shall be presented to the court by the clerk without oral argument within 10 days following the date of filing." This apparent prior version of Rule 2-8.1 imposed a ten-day time limit on the clerk of court to submit the motion to the panel; it did not impose a time limit for filing a motion to dismiss. *See* Roger A. Stetter, *Esq.*, *Seeking Involuntary Dismissal*, in Louisiana Civil Appellate Procedure, § 4:6 (2023) (observing that "[m]otions to dismiss an appeal are considered by the court without oral argument within 10 days after filing with the clerk of court").

[4] "Decretal language" is defined as "the portion of a court's judgment or order that officially states ('decrees') what the court is ordering" and generally starts with "the formula 'It is hereby ordered, adjudged, and decreed that . . . .'" *Jones v. Stewart*, 16-0329, p. 5 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 387 (citation omitted) (internal quotation marks omitted).

Here, the August 2022 Judgment granting Defendant's Motion for Summary Judgment on its reconventional demand grants Sahuque's request "for the total amount of all liabilities, expenses, and reasonable attorneys' fees incurred by or on behalf of Sahuque Realty Company Inc. in this ligation since the inception of this litigation in October 2009." But, the judgment fails to quantify the amount of said fees and costs. Indeed, the August 2022 Judgment expressly reserves that issue to be determined at a subsequent hearing; the judgment states: "[s]aid amount will be set pursuant to a subsequent hearing before this Court following Defendant's filing of a Motion to Set Fees and Costs." Given the August 2022 Judgment fails to set the amount of fees and costs and requires the parties take further actions to have those amounts determined, the judgment does not meet the requirements for a valid final judgment. *See Lobell v. Rosenberg*, 17-0111, 0381, p. 6 (La. App. 4 Cir. 10/4/17), 228 So.3d 1241, 1246 n.5 (citation omitted) (observing that "[a] judgment granting attorney's fees but not assessing the amount of those fees is not a final judgment"); *U.S. Bank Nat'l Ass'n as Tr. for RFMSI 2005S7 v. Dumas*, 21-0585, pp. 7-8 (La. App. 1 Cir. 12/22/21), 340 So.3d 246, 251 (observing that a judgment requiring parties to take further actions to have amounts determined is not a final judgment).

Between the time the *Lobell* and *Dumas* cases were decided, the Louisiana Legislature, in 2021, amended the Code of Civil Procedure to allow for correction of decretal language issues, including judgments that lack an assessment of attorney's fees. Although the 2021 amendments to La. C.C.P. art. 1918 require this court to remand matters to the trial court to amend the judgment to correct decretal language issues, the August 2022 Judgment at issue here is not defective only due to a decretal language issue. *See, e.g., Dumas*, 21-0585, pp. 7-8, 340 So.3d at 251.

5

*Dumas* is illustrative. There, the appellate court observed that the problematic part of the judgment was the portion awarding "any applicable amounts provided for by the Promissory Note . . . together with reasonable attorney's fees . . . and other charges **which the Plaintiff is permitted to prove by affidavits filed or submitted before judicial sale**." *Dumas*, 21-0585, p. 5, 340 So.3d at 249. The appellate court in *Dumas* explained that the judgment at issue was not deficient only because of a decretal language issue; the appellate court observed:

> Notably, if the only award still to be quantified and taxed by the district court were attorney's fees, then this court's appellate jurisdiction may have attached given the 2021 amendment to [La.] C.C.P. art. 2088(A)(10), which now specifically provides that the district court retains jurisdiction after the granting of an order of appeal to set and tax attorney's fees. However, to the extent that the judgment requires additional action to be taken by the parties, including presentation of evidence to the district court, so that the district court may then quantify and award other additional damages that may be due (including, among other things, taxes, assessments, repairs to and maintenance of the property), the judgment at issue is not a final judgment for purposes of appeal until the district court sets those awards following its receipt and consideration of additional evidence. Accordingly, the . . . judgment is not a final judgment over which this court has appellate jurisdiction.

*Dumas*, 21-0585, pp. 7-8, 340 So.3d at 251. The appellate court in *Dumas* further observed that the judgment at issue was not one of the enumerated types of partial final judgments that can be appealed without being designated as final under La. C.C.P. art. 1915(A). *Id.*, 21-0585, pp. 7-8, 340 So.3d at 251. Finally, the appellate court observed that the judgment at issue lacked the required certification to be immediately appealable pursuant to La. C.C.P. art. 1915(B). *Id.* The appellate court thus found it lacked appellate jurisdiction over the appeal from the judgment. *Id.*

The same is true here. The trial court, in the August 2022 Judgment, left more than the amount of attorney's fees to be quantified. Rather, as in *Dumas*, the

August 2022 Judgment requires the parties take additional action; the judgment requires that Sahuque file a "Motion to Set Fees and Costs" so that the trial court may then quantify and award other amounts due. Further, as in *Dumas*, the August 2022 Judgment does not fall within any of the categories enumerated in La. C.C.P. art. 1915(A) that can be appealed without being designated as final. Nor did the trial court certify the judgment as final under La. C.C.P. art. 1915(B). This court thus lacks appellate jurisdiction over this appeal from the August 2022 Judgment.

As this court has recognized, we have the discretion to convert an improperly filed appeal to an application for supervisory review and then exercise our supervisory jurisdiction. *See Stelluto v. Stelluto*, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39 (observing that "the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts"). Here, however, it is inappropriate for us to convert the appeal to a writ for two reasons. First, there have been changes in the procedural posture of this case— Sahuque has filed a Motion to Set Amount of Attorneys' Fees and Costs, and the trial court held a hearing on that motion. Second, Mr. Crosby has an adequate remedy on appeal. *See Joseph v. Wasserman*, 17-0603, p. 9 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 21 (observing that conversion of an appeal to a writ was inappropriate "[g]iven the conditional nature of the . . . [j]udgment, the change in the procedural posture of this case, and the existence of an adequate remedy on appeal"). For these reasons, we decline to convert this appeal to a writ. As noted elsewhere in this opinion, Sahuque's Motion to Dismiss asserted two reasons. For completeness sake, we address the second reason.

*Untimely Devolutive Appeal*

"An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." La. C.C.P. art. 2121. The delay for taking a devolutive appeal is set forth in La. C.C.P. art. 2087(A). According to La. C.C.P. art. 2087(A), a devolutive appeal must be filed within sixty days of either: (i) the date of the mailing of notice of the trial court's refusal to grant a timely filed motion for new trial ("MNT");[5] or (ii) if no MNT has been filed timely filed, the expiration of the delay for filing one. *See U.S. Bank Nat'l Ass'n v. Lewis*, 12-416, p. 4 (La. App. 5 Cir. 1/30/13), 108 So.3d 1281, 1283 (citations omitted).

The appeal delays set forth in La. C.C.P. art. 2087 are not interruptible prescriptive periods; rather, these statutorily imposed time delays for filing an appeal are jurisdictional. *Everett v. Baton Rouge Student Hous., L.L.C.*, 10-0856, p. 4 (La. App. 1 Cir. 5/6/11), 64 So.3d 883, 886; *Harper v. Eschenazi*, 04-863, p. 4 (La. App. 5 Cir. 12/28/04), 892 So.2d 671, 673. Absent a timely filed motion for appeal, the appellate court lacks jurisdiction over the appeal. *Id.*

Here, the notice of judgment granting Sahuque's summary judgment motion on its reconventional demand was signed and mailed on August 5, 2022; the MNT deadline—seven days without counting legal holidays—was August 16, 2022. Given that Mr. Crosby failed to file a MNT, the time for filing a devolutive appeal expired October 15, 2022—the last day within sixty days after August 16, 2022. But Mr. Crosby's Motion for Appeal was not filed until October 21, 2021—six days late.

---

[5] Under La. C.C.P. art. 1974, the delay for applying for a MNT shall be seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment required by La. C.C.P. art. 1913.

Mr. Crosby's action of filing a Notice of Intent—seeking to file a writ application that he never filed—did not serve to delay the running of the statutorily mandated period to file an appeal. "The filing of, or the granting of, a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise." *Everett*, 10-0856, p. 3, 64 So.3d at 885 (citation omitted). Here, a request for a stay was not included in either the Notice of Intent or the Motion for Leave of Court for Conversion of Supervisory Writ Application to a Devolutive Appeal. Thus, the delay for filing a devolutive appeal was not suspended, interrupted, or stayed. *See Everett*, 10-0856, p. 3, 64 So.3d at 885 (observing that the La. C.C.P. art. 2087 appeal delays are not interruptible prescriptive periods but rather jurisdictional). Because Mr. Crosby's Motion for Appeal was not filed within the statutorily imposed time delays mandated by La. C.C.P. art. 2087, this appeal is untimely.

Again, as noted elsewhere in this opinion, given our finding that Sahuque's Motion to Dismiss is dispositive, we find it unnecessary to reach either of the other two pending motions—Mr. Crosby's Motion to Remand to Trial Court for Trial on the Peremptory Exceptions Raising the Objection of Prescription and Sahuque's Motion to Supplement—or the merits of the appeal. In so ruling, we stress that Mr. Crosby will have an opportunity for review of the trial court's August 2022 Judgment in connection with an unrestricted appeal of a final judgment, once rendered, in this matter.

**DECREE**

For the foregoing reasons, Sahuque's Motion to Dismiss Mr. Crosby's appeal is granted. Mr. Crosby's appeal is dismissed. This case is remanded to the trial court for further proceedings.

**MOTION TO DISMISS GRANTED**; **APPEAL DISMISSED; CASE REMANDED**